DIXIE P. EATON, EMPLOYEE, v. KLOPMAN MILLS, INC., EMPLOYER; AND TRAVELERS INSURANCE COMPANY, CARRIER

No. 6819IC274

(Filed 18 September 1968)

1. Witnesses § 7— direct examination — refreshing memory — reading from report

Technical error in permitting a witness to read from a statement or report made by him without the witness testifying either (1) that the report refreshed his memory or (2) that he did not recollect the facts but recalled having written it correctly when the facts were fresh in his memory, *is held* not sufficiently prejudicial in this case to warrant a new trial.

2. Appeal and Error § 30— review of admission of evidence — failure to object in apt time

Exception and assignment of error with respect to incompetent testimony not objected to present no question for review on appeal since the

failure to object in apt time is regarded as waiver of objection unless the evidence is forbidden by statute.

**3. Appeal and Error § 30; Trial § 15— "apt time" defined**

Apt time is considered to be as soon as the opportunity is presented to learn that the evidence is objectionable or that it is desirable to interpose an objection.

**4. Witnesses § 8— examination — "badgering" the witness**

Plaintiff's contention that the hearing commissioner committed error in permitting "the badgering of his witness" by opposing counsel *is held* not supported by the record in this Workmen's Compensation proceeding, since the examination excepted to fails to show that the witness was persistently harassed or bedeviled in a manner likely to confuse or wear down.

**5. Master and Servant § 93— Workmen's Compensation proceeding — motion to hear additional evdence**

A plaintiff does not have a substantial right to require the full Commission to hear additional testimony, and the Commission's duty to do so applies only if good ground therefor is shown. G.S. 97-85.

**6. Master and Servant § 56— Workmen's Compensation — causal relation between employment and injury**

Unless the injury can be fairly traced to the employment as a contributing proximate cause, it does not arise out of the employment.

**7. Master and Servant §§ 65, 96— Workmen's Compensation—hernia — review of findings**

Findings by the Industrial Commission that the plaintiff's hernia was not an injury arising out of and in the course of employment *are held* supported by competent evidence and are therefore binding on the Court of Appeals, even though there is evidence that would support a finding to the contrary.

APPEAL by plaintiff employee from an opinion and order of the North Carolina Industrial Commission of 8 January 1968.

This is a proceeding under the North Carolina Workmen's Compensation Act. The plaintiff seeks to recover for personal injuries allegedly arising out of and in the course of her employment as a spinner at Klopman Mills, Inc.

From an opinion and order of Deputy Commissioner Dandelake denying compensation filed 31 October 1967, the plaintiff gave notice of appeal to the full Commission. From the opinion and order of the full Commission of 8 January 1968 affirming the opinion and order of Deputy Commissioner Dandelake, plaintiff gave notice of appeal to the Court of Appeals.

*John Randolph Ingram for plaintiff appellant.*

*Miller, Beck & O'Briant by Adam W. Beck for defendant appellees.*

MALLARD, C.J.

[1]    Plaintiff contends that the hearing commissioner committed error in admission of and exclusion of some of the testimony and exhibits offered. However, in plaintiff's brief there is citation of authority to support only one of these contentions. As to this one, plaintiff contends, and we agree, that it was technical error to permit the witness to read from the statement or report made by him, offered as defendant's exhibit #2, without the witness testifying in substance that it refreshed his memory or that he still did not recollect the facts but recalled having written it correctly when the facts were fresh in his memory. Stansbury, N. C. Evidence 2d, § 23. However, we hold that this error was not sufficiently prejudicial to warrant a new trial.

[2, 3]    Defendant's exception and assignment of error with respect to the witness Bridges reading a letter from Dr. Weir, who did not testify, is not based on an objection and therefore is not properly presented. "Ordinarily, failure to object in apt time to incompetent testimony will be regarded as waiver of objection and its admission is not assignable as error unless the evidence is forbidden by statute." *State v. McKethan*, 269 N.C. 81, 152 S.E. 2d 341. Apt time is considered to be as soon as the opportunity is presented to learn that the evidence is objectionable or that it is desirable to interpose an objection. Stansbury, N. C. Evidence 2d, § 27.

[4]    Plaintiff contends that the hearing commissioner committed error "in permitting the badgering of the Burgess witness," and in support thereof refers to the assignments of error six and seven which are based on exceptions six and seven. Exception six appears in the record when the witness Mrs. Burgess was testifying on cross-examination by Mr. Beck, and the following occurred:

"Q.   And it was at that time you said you couldn't say whether or not she said she slipped?

A.   I guess I did if he said I did.

MR. INGRAM:   Well I object to that.

THE COURT:   He is here, he can corroborate.

A.   I don't remember telling him that or don't — I don't remember what was said or done." (EXCEPTION No. 6)

Exception seven appears in the record when the witness Mrs. Burgess was questioned on redirect examination by Mr. Ingram, and the following occurred:

"Q.   Mrs. Burgess isn't the truth of the matter though as you

have testified on direct examination that in the washroom on the evening she strained herself, she told you she slipped?

MR. BECK: I object.

THE COURT: She has already answered the question. (Witness excused.)" (EXCEPTION No. 7)

The word "badger" as defined in Webster's Third New International Dictionary (1968) means "to harass, pester, or bedevil persistently especially in a manner likely or designed to confuse, annoy, or wear down."

Applying this definition to the above factual situation, we are of the opinion that the witness Mrs. Burgess was not badgered by anyone.

[5] Plaintiff also contends that the full Commission was in error "in failing to consider plaintiff's motion to take further evidence." There is nothing in the record to show that the Commission did not consider the motion; however, there is no specific ruling by the Commission on this purported motion. None was required. Under the provisions of G.S. 97-85, *good ground* must be shown for such a motion. The plaintiff did not state *any* grounds for the motion, which reads as follows:

> "CLAIMANT, DIXIE EATON, through counsel, moves the Full Commission that the attached Affidavit of Dr. George B. Johnston be received as further evidence or that his further testimony be taken pursuant to G.S. 97-85.

> This 28th day of December 1967.

> /s/ JOHN RANDOLPH INGRAM
> Counsel for Dixie Eaton"

The plaintiff does not have a substantial right to require the Commission to hear additional testimony, and the duty to do so applies only if *good ground* therefor is shown. *Tindall v. Furniture Co.,* 216 N.C. 306, 4 S.E. 2d 894. Under the circumstances of this case, the failure of the Commission to rule on the motion is in effect a denial thereof and is not prejudicial error.

[7] The plaintiff contends that the hearing commissioner erred in making findings of fact numbered five, six, seven, eight, nine and ten and the conclusions of law and that the full Commission was in error in affirming them.

The findings of fact by the hearing commissioner, adopted by the full Commission, upon which the denial of compensation was based, are as follows:

EATON *v.* KLOPMAN MILLS, INC.

"1. That on or about July, 1965, and for about two years prior thereto, plaintiff was employed by the defendant employer and was doing the work as a spinner.

2. That plaintiff dropped her pick which was approximately less than a half pound and claims that this is when she felt a sharp sting in her left groin which caused her hernia.

3. That the plaintiff did not inform her supervisor or employer about any accident at this time.

4. That the plaintiff saw Dr. G. B. Johnston and Dr. R. E. Williford on or about August 9, 1965; that Dr. Williford referred the plaintiff to Dr. G. B. Johnston, surgeon and that Dr. Johnston was unaware that this case was an on the job injury until the plaintiff returned for her check-up after hernia operation on August 30, 1965.

5. That the plaintiff advised her doctor on August 30, 1965, that she dropped her pick and leaned over to pick it up and felt something tear.

6. That on plaintiff's hospital insurance report bearing her signature, question #7 which reads as follows: 'Has claim been filed or will be filed under workmen's compensation,' was answered 'No'; that this said paper is dated August 22, 1965, and signed by the plaintiff Dixie P. Eaton.

7. Plaintiff had a hernia in 1963 on her right side; that the hernia she was operated on for August 15, 1965, was on her left side.

8. That on August 9, 1965, plaintiff reported to her supervisor, Don Morgan, on her return from the doctor at 6:00 p.m. that she had a hernia and that her supervisor asked her at this time if she knew how she did it and her answer was no; and that he further asked her if it occurred in the mill and she advised him no that she didn't know where it happened and a copy of this report was presented at the hearing as evidence for the defendant.

9. That the plaintiff testified at the hearing that she received her hernia when she dropped her pick; and leaned over to pick it up and slipped; that the plaintiff put on a demonstration in the court room with her pick how she leaned over and picked up her pick and did not show any slip.

10. That the plaintiff did not sustain an injury by accident arising out of and in the course of her employment with the defendant employer on or about the last week of July, 1965."

Based upon the foregoing findings of fact affirmed by the full Commission, the hearing commissioner concluded that "plaintiff did not during the last week of July 1965, sustain an injury by accident arising out of and in the course of her employment with the defendant employer and her claim must therefore be denied."

In the case of *Blalock v. Durham*, 244 N.C. 208, 92 S.E. 2d 758, Justice Higgins said for the Court:

> "This Court has held that if there is any competent evidence to support a finding of fact of the Industrial Commission, such finding is conclusive on appeal, even though there is evidence that would support a finding to the contrary. (citations omitted) The introduction of incompetent evidence cannot be held prejudicial where the record contains sufficient competent evidence to support the findings." (citations omitted) See also *Hollman v. City of Raleigh*, 273 N.C. 240, 159 S.E. 2d 874.

[6]    It is well settled that unless the injury can be fairly traced to the employment as a contributing proximate cause, it does not arise out of the employment. *Bryan v. Church*, 267 N.C. 111, 147 S.E. 2d 633.

[7]    Applying these principles of law and after a careful examination of all the evidence herein, we conclude that the findings of fact numbered five, six, seven, eight and ten are supported by competent evidence of sufficient probative force, and the Court is bound by them, even though there is evidence that would support a finding to the contrary. These findings of fact fully and fairly support the conclusions of law and denial of compensation herein. Finding of fact numbered nine is immaterial to a decision in this matter.

We have carefully considered all of the assignments of error and find no prejudicial error.

The opinion and order of the Industrial Commission denying compensation is

Affirmed.

CAMPBELL and MORRIS, JJ., concur.