CARNATION S. PICKRELL, WIDOW OF CLYDE R. PICKRELL, DECEASED, EMPLOYEE, PLAINTIFF v. MOTOR CONVOY, INC., EMPLOYER, TRANSPORT INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8620IC69

(Filed 5 August 1986)

1. **Master and Servant § 56— workers' compensation—fall by employee—no showing of causation between fall and death**

    Though the evidence would support a finding that decedent fell while doing his work on his employer's premises and that such fall was an accident arising from his employment, plaintiff was nevertheless not entitled to an award of workers' compensation where there was no evidence that her husband's death proximately resulted from the fall.

2. **Master and Servant § 94.3— workers' compensation—reopening case—denial no abuse of discretion**

    Where there was absolutely no showing of what additional evidence plaintiff sought to introduce or why it had not been introduced at the original workers' compensation hearing, the court could not determine on appeal either that plaintiff showed good grounds for reopening the case or that the Industrial Commission abused its discretion by declining to do so.

APPEAL by plaintiff from Opinion and Award of North Carolina Industrial Commission entered 25 September 1985. Heard in the Court of Appeals 4 June 1986.

Clyde R. Pickrell, a 57-year-old truck driver employed by defendant employer Motor Convoy, Inc., was found dead in a large

parking lot at his place of employment on 17 January 1983. His widow brought this claim for workers' compensation benefits. From an Opinion and Award denying her claim, plaintiff appeals.

*Smith, Patterson, Follin, Curtis, James & Harkavy, by J. David James, Henry N. Patterson, Jr., and Donnell Van Noppen, III for plaintiff appellant.*

*Bell, Davis & Pitt, by Walter W. Pitt, Jr. and Joseph T. Carruthers, for defendants appellees.*

MARTIN, Judge.

The material facts shown by the evidence and found by the Commission are not in dispute. Motor Convoy, Inc. operates a facility in Walkertown where new vehicles are unloaded from railroad cars, parked in a 50-acre parking lot, and then loaded onto tractor-trailer trucks and transported to their ultimate destination. Clyde Pickrell was employed as a tractor-trailer driver. His duties required him to go to defendant's office to be assigned a trip and then to locate the vehicles to be transported, drive them to the loading area, and load them onto the truck. Before loading the vehicles, drivers were required to inspect them carefully for damage which may have occurred during rail transit.

On 17 January 1983, decedent reported to work about 2:30 p.m. and was assigned a trip to Lowell and Charlotte. He left the terminal, apparently to conduct a personal errand, and returned at approximately 4:00 p.m. No one saw him again until approximately 5:45 p.m. when his body was discovered by some other drivers. Decedent was lying face upward behind a van, which was one of the vehicles which had been assigned to him for loading and transport. The van had not been moved from its parking space. Decedent was lying with his feet toward the rear of the van, and his head away from the van. His left foot was extended under the van, and his right leg was bent. There was a small amount of blood coming from one nostril and in front of his left ear. On the rear bumper of the van was a scuff mark which looked like a shoe print. The temperature was approximately 18 degrees Fahrenheit, and the wind was blowing. There was no evidence with respect to the cause of Mr. Pickrell's death.

The Deputy Commissioner denied the claim, finding the evidence sufficient to raise an inference that decedent had ac-

cidentally fallen while inspecting the van for damage, but finding that plaintiff had failed to prove that decedent died as a proximate result of injuries sustained in a fall. On appeal, the full Commission, with Commissioner Clay dissenting, modified the Deputy Commissioner's findings as follows:

> 4. The evidence in this case is not sufficient to raise any inference that the plaintiff suffered an accident arising out of and in the course and scope of his employment. Additionally, there is absolutely no evidence as to the cause of plaintiff's death.

The Commission concluded that decedent "did not sustain an accident arising out of and in the course of his employment . . ." and that his death "was not proven to be a proximate result of any injury arising out of the course and scope . . ." of his employment.

In order to recover compensation under the provisions of the North Carolina Workers' Compensation Act for the death of an employee, a claimant has the burden of proving that the employee's death proximately resulted from an injury by accident arising out of and in the course and scope of employment. *Gilmore v. Hoke County Board of Education*, 222 N.C. 358, 23 S.E. 2d 292 (1942). "The injury by accident must be the proximate cause, that is, an operating and efficient cause, without which death would not have occurred." *Id.* at 365, 23 S.E. 2d at 296. In order to establish the requisite causal connection between the accident and the subsequent death, the evidence must be sufficient to take the case "out of the realm of conjecture and remote possibility. . . ." *Id.*

[1] In the present case, there is no question that decedent died in the course and scope of his employment; he was on his employer's premises during working hours and was engaged in his assigned work. *Taylor v. Twin City Club*, 260 N.C. 435, 132 S.E. 2d 865 (1963). Rather, the issue in this case is whether his death proximately resulted from an injury by accident arising out of his employment.

Plaintiff first contends that the Commission erred in setting aside the Deputy Commissioner's finding that decedent had experienced an accident. It is well established that the full Commission, upon review of an award of a hearing commissioner, *is not*

bound by the hearing commissioner's findings of fact, but may re-consider evidence and adopt the hearing commissioner's findings or reject them and make findings of its own. *Pollard v. Krispy Waffle #1*, 63 N.C. App. 354, 304 S.E. 2d 762 (1983).

However, in this case the Commission adopted the Deputy Commissioner's first three Findings of Fact, which were essential-ly identical to the statement of facts summarized earlier in this opinion. In its Findings of Fact No. 4, the Commission stated that these facts were insufficient to raise any inference of accident arising from employment. Although denominated a finding of fact, this statement is actually a conclusion of law, reviewable on ap-peal. In our view, it is erroneous. A fall is regarded as an accident under the workers' compensation law; and if the cause of the fall is unexplained but is a natural and probable result of a risk of the employment, the law permits, though it does not compel, an infer-ence to be drawn that the fall was an accident arising out of the employment. *Taylor, supra; Rewis v. New York Life Ins. Co.*, 226 N.C. 325, 38 S.E. 2d 97 (1946). The facts found by the Commission are sufficient to at least permit, though not to compel, an infer-ence that decedent stepped up onto the bumper of the van during the course of his inspection and that he fell.

Ordinarily, the failure of the Commission to consider an infer-ence permitted by the evidence would require remand in order that the Commission be permitted to weigh the evidence, in the light of correct legal principles, and determine the appropriate factual inferences to be drawn therefrom. *See Ammons v. Z. A. Sneeden's Sons, Inc.*, 257 N.C. 785, 127 S.E. 2d 575 (1962). In this case, however, even if the Commission had drawn the permissible inference and had found, as did the Deputy Commissioner, that decedent fell and thereby sustained an accident arising out of employment, its further conclusion that plaintiff failed to estab-lish the requisite causal connection between such accident and decedent's death would require denial of her claim. In the absence of proof of causation, the Commission is not authorized to award compensation.

Plaintiff offered no medical evidence of injury or of the cause of decedent's death; she contended before the Commission, and contends on appeal, that she is entitled to a legal presumption that decedent's death arose out of his employment and is compen-

sable. Where an employee is found dead under circumstances indi-
cating that the employee died within the course and scope of
employment, and there is no evidence as to the circumstances
under which he died, it has been held that the death is "pre-
sumed" to have arisen out of the employment. 1 Larson,
Workmen's Compensation Law § 10.32 (1985). The "presumption,"
however, is not a true presumption, nor is it applicable to prove
causation in this case.

   In *McGill v. Town of Lumberton*, 215 N.C. 752, 3 S.E. 2d 324
(1939), our Supreme Court held

> when evidence of *violent death* is shown, [claimants] are enti-
> tled at least to the benefit of the inference of accident from
> which, nothing else appearing, the Commission may find, but
> is not compelled to find, the fact of death resulting from in-
> jury by accident, a constituent part of the condition anteced-
> ent to compensation, injury by accident arising out of and in
> the course of employment. In other words, this inference is
> sufficient to raise a prima facie case as to *accident only*. (Em-
> phasis added.)

*Id.* at 754, 3 S.E. 2d at 326. Following *McGill*, this Court held, in
*Harris v. Henry's Auto Parts, Inc.*, 57 N.C. App. 90, 290 S.E. 2d
716, *disc. rev. denied*, 306 N.C. 384, 294 S.E. 2d 208 (1982) that
where an employee was found shot to death at his place of em-
ployment during his work hours, there was a "presumption or in-
ference that his death arose out of the employment." *Id.* at 95,
290 S.E. 2d at 719.

   Initially, we note that in the present case there is no conten-
tion that decedent's death was violent. But we do not rely on that
distinction alone. There are more significant distinctions between
the present case and those cited. In *McGill* and *Harris*, the *cir-
cumstances surrounding the event producing the death* were
unexplained, raising an inference that the event had been an acci-
dent arising out of employment; the *cause of death*, i.e., gunshot
wound, was known and there was evidence to establish a causal
connection between the event inferred from the circumstances
and the employee's death. Likewise, in both *Taylor v. Twin City
Club, supra*, and *Rewis v. New York Life Ins. Co., supra*, the
cause of the fall was unexplained, but there was positive evidence
that the fall *caused an injury which led to death*. The "unex-

plained death presumption" is really nothing more than a permissive inference which permits the trier of fact to find, in the absence of direct evidence of accident, that an unexplained injury-producing event was an accident arising out of employment. *See* 2 H. Brandis, *North Carolina Evidence* § 215 (2d rev. ed 1982). The inference does not extend, however, to causation, and the claimant is not relieved of the requirement of proving that the event proximately resulted in the employee's death.

In the present case, plaintiff presented evidence from which it could be inferred that decedent might have fallen the short distance from the bumper of the van to the pavement. Although there was evidence that decedent was bleeding slightly from his nose and ear, plaintiff offered no evidence to explain the significance of this fact or to indicate whether the bleeding resulted from, or preceded, the fall. No medical evidence was presented with respect to whether decedent had sustained an injury, by accident or otherwise, that could have produced his death. In the final analysis, plaintiff's evidence simply failed to address the critical issue of causation. Any finding by the Commission that death, or injury resulting in death, proximately resulted from an accident would have been based on speculation and conjecture. Thus, we agree with the Commission that plaintiff failed to sustain her burden of proving that decedent died as a proximate result of an injury by accident arising out of his employment.

[2]  After her claim had been denied by the Deputy Commissioner and she had appealed to the full Commission, plaintiff filed a motion to remand the case for the taking of additional testimony. The Commission rendered its Opinion and Award without specifically addressing the motion, thereby implicitly denying it. Plaintiff assigns error, contending that the Commission's refusal to remand for further evidence amounted to an abuse of its discretion.

G.S. 97-85 provides that, upon review of an award by the full Commission, the "Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, . . . ." The question of whether to reopen a case for the taking of additional evidence is addressed to the sound discretion of the Commission, and its decision is not reviewable on appeal in the

absence of a manifest abuse of that discretion. *Guy v. Burlington Industries*, 74 N.C. App. 685, 329 S.E. 2d 685 (1985). The party moving to reopen the case must show good grounds for the allowance of the motion. *Eaton v. Klopman Mills, Inc.*, 2 N.C. App. 363, 163 S.E. 2d 17 (1968). Moreover, Rule XXI(6), Rules of Industrial Commission (revised effective 1 January 1986, now Rule 701(g) ), requires that such a motion be supported by affidavit.

In the present case, the motion states simply that the case should be remanded for the taking of additional testimony "[f]or reasons stated in a brief submitted in connection with" plaintiff's appeal to the full Commission. The record before us contains no affidavit in support of the motion, nor does it contain plaintiff's brief to the full Commission. There being absolutely no showing of what additional evidence plaintiff sought to introduce or why it had not been introduced at the original hearing, we cannot determine either that plaintiff has shown good grounds for reopening the case or that the Commission abused its discretion by declining to do so. This assignment of error is overruled.

Affirmed.

Judges PHILLIPS and PARKER concur.