WILLIAM C. ALLEN, Employee, Plaintiff v. ROBERTS ELECTRICAL CONTRACTORS, Employer, TRANSPORTATION INSURANCE CO., Carrier, Defendants

No. COA00-354

(Filed 17 April 2001)

**1. Workers' Compensation— disability—evidence and findings**

Competent evidence supported the Industrial Commission's findings of fact in a workers' compensation action where the Commission, in the rightful exercise of its discretion, gave more credibility to the opinions of three doctors who testified that plaintiff suffered from a thoracolumbar strain, not fibromyalgia, and was able to return to work; the finding that plaintiff has not undergone a change of condition was supported by competent evidence because the only evidence of a change of condition was another doctor's testimony that plaintiff now has fibromyalgia; and the finding that plaintiff's job search was not reasonable was supported by competent evidence in that plaintiff testified that he

had gone to defendant-employer's job site without identifying himself and been told that defendant was not hiring, and had applied for work at about a dozen businesses during an eight-day span.

**2. Workers' Compensation— disability—position refused— brief job search**

The facts supported the Industrial Commission's conclusions and justified its award where a Form 21 agreement was approved, but the presumption of disability was rebutted because plaintiff was offered a light duty position which he unjustifiably refused, one doctor's opinion that plaintiff was unable to work was given less credibility by the Commission than the opinion of three other doctors, and plaintiff's unannounced visit to defendant's job site and an eight-day job search in a two-year period did not serve to meet his burden of supporting his claim of continuing disability. The burden of proof never shifted back to defendant.

**3. Workers' Compensation— testimony—consideration by Commission—no findings**

The Industrial Commission did not err in a workers' compensation proceeding where plaintiff contended that the Commission disregarded the testimony of three of his witnesses, but there was no proof that the Commission disregarded the testimony; rather, the Commission considered and evaluated the testimony and chose not to make exhaustive findings and mention the testimony in its opinion and award. It is not necessary for the Commission to make exhaustive findings as to each statement by a witness or to make findings rejecting specific evidence that may be contrary to the evidence accepted by the Commission. Here, plaintiff's witnesses were not physicians and the Commission had before it the opinions and diagnoses of four doctors, only one of which supported the claims of plaintiff's witnesses.

**4. Workers' Compensation— additional evidence—repetitive**

The Industrial Commission did not abuse its discretion in a workers' compensation action by denying plaintiff's motion for the taking of additional evidence where plaintiff sought to admit medical records and a diagnosis from another physician which would have been repetitive, unnecessary, cumulative, and not likely to produce a different result.

ALLEN v. ROBERTS ELEC. CONTR'RS

[143 N.C. App. 55 (2001)]

Appeal by plaintiff from an opinion and award entered 24 January 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 26 January 2001.

*Beaver, Holt, Richardson, Sternlicht, Burge & Glazier, P.A., by Vickie L. Burge, for plaintiff-appellant.*

*Young Moore and Henderson P.A., by Jeffrey T. Linder, for defendant-appellees.*

HUNTER, Judge.

William C. Allen ("plaintiff") appeals from an opinion and award of the North Carolina Industrial Commission ("Commission"). In its opinion and award, the Commission ordered Roberts Electrical Contractors ("defendant-employer") and Transportation Insurance Company (collectively "defendants") to pay plaintiff temporary total disability compensation for three weeks, permanent partial disability compensation for nine weeks—but not additional compensation for a continuing disability as contended by plaintiff, and to provide only conservative medical treatment that is limited to the use of non-addictive pain medications. The opinion and award also denied plaintiff's request for approval of a change in his treating physician and his motion for taking of additional evidence. On appeal, plaintiff assigns error to (1) the Commission's findings of fact, conclusions of law, and award, (2) the Commission's alleged disregard of the testimony of three of his witnesses, and (3) the Commission's alleged failure to exercise discretion, or alleged manifest abuse of discretion, in denying his motion for taking of additional evidence. After a careful review of the record and briefs, the opinion and award of the Commission is affirmed.

On 19 May 1994, plaintiff was employed by defendant-employer as an electrician. On that date, plaintiff, in the course of his employment, was walking backwards directing a backhoe driver when he stepped into a ditch, fell, and injured his back and arm. Subsequently, the parties entered into a Form 21 agreement for disability compensation, which was approved on 29 August 1994.

Plaintiff was seen by Dr. Bruce P. Jaufmann who diagnosed plaintiff as having sustained a thoracolumbar strain. On 9 September 1994, Dr. Jaufmann released plaintiff to return to light duty work for up to six weeks and full duty work after six weeks. Plaintiff sought a second medical opinion regarding his injury, and upon the advice of counsel, he visited Dr. Glenn A. McCain. Dr. McCain diagnosed

plaintiff as having sustained chronic pain syndrome, and he recommended plaintiff "be afforded the opportunity of enrollment in a rehabilitation program aimed at restoring his function . . . ."

Defendant-employer offered plaintiff a light duty position to begin on 7 October 1994, but plaintiff never returned to work. A Form 24 informal hearing was held, and plaintiff's benefits were terminated as of 7 October 1994. Plaintiff requested a hearing, which was held on 20 April 1995 before Deputy Commissioner Douglas E. Berger. On 29 September 1995, Deputy Commissioner Berger filed his opinion and award affirming the Form 24 application to stop temporary total disability payments to plaintiff and concluding that plaintiff's refusal to accept light duty work was not justified. In his decision, Deputy Commissioner Berger found that plaintiff had sustained chronic pain syndrome, and he ordered plaintiff to participate in an inpatient chronic pain management program selected and paid for by defendants. Plaintiff did not appeal this first opinion and award.

Initially, defendants provided plaintiff the opportunity to participate in an outpatient pain management program at Cape Fear Valley Medical Center in Fayetteville, North Carolina. However, plaintiff refused to participate in this program because it did not involve inpatient treatment as ordered by Deputy Commissioner Berger. After a conference call with Deputy Commissioner Berger, the parties agreed to send plaintiff to the Spine Center at Bowman Gray Baptist Hospital in Winston-Salem, North Carolina. At the Spine Center, plaintiff attended a three-week functional restoration program from 8 July to 26 July 1996. Upon completion of the program, Dr. Walter Davis diagnosed plaintiff as having a partial permanent impairment rating of three percent (3%) for thoracolumbar strain, and he released plaintiff to return to work in a medium physical demand classification with a lifting restriction.

Upon discharge, plaintiff went to a job site of defendant-employer unannounced and asked a person, whom he believed to be the foreman, if defendant-employer was hiring. The person responded no, and plaintiff departed without identifying himself. In an eight-day span from 13 August to 20 August 1996, plaintiff also applied for work with about a dozen businesses of varying types, but he did not obtain employment.

On plaintiff's attorney's request, plaintiff was re-examined by Dr. McCain on or about 19 August 1996. At that time, Dr. McCain changed his initial diagnosis of plaintiff, and he diagnosed plaintiff as having

fibromyalgia and concluded that plaintiff was unable to return to work in any occupation. In a letter to plaintiff's attorney, Dr. McCain contradicted his earlier diagnosis and recommendation, and reported that he "would not have recommended a Functional Restoration Program for [plaintiff] since there is no available medical evidence that this kind of an approach really works for fibromyalgia." Later in 1996, plaintiff relocated to the state of Maryland.

Plaintiff requested a second hearing with the Commission seeking additional benefits and approval of a change in treating physician to Dr. McCain. A second hearing before Deputy Commissioner Berger was held on 18 November 1997. Deputy Commissioner Berger ordered plaintiff to undergo an independent medical examination by Dr. Scott S. Sanitate. During his medical examination, Dr. Sanitate performed a series of tests on plaintiff. From the tests, Dr. Sanitate concluded that plaintiff did not suffer from fibromyalgia and plaintiff's reports of pain were not a reliable source for determining the extent of his injury.

On 30 September 1998, Deputy Commissioner Berger filed his second opinion and award in this matter. In this decision, he found that plaintiff did not have fibromyalgia and plaintiff was intentionally exaggerating the extent of his pain. Moreover, Deputy Commissioner Berger gave greater weight to the opinions of Dr. Sanitate than to those of Dr. McCain. Additionally, Deputy Commissioner Berger concluded that plaintiff failed to meet his burden of proof showing that he had been disabled for any time period following his termination of benefits on 7 October 1994, except for the three-week period in 1996 that he was at the Spine Center. Consequently, Deputy Commissioner Berger denied plaintiff's request that Dr. McCain be approved as his treating physician, and he ordered defendants to pay plaintiff temporary disability compensation at a rate of $240.00 for the three-week period that he was at the Spine Center, permanent partial disability compensation at a rate of $240.00 for nine weeks for the permanent partial disability to his back, and for conservative treatment that is limited to the use of non-addictive pain medications.

Plaintiff appealed Deputy Commissioner Berger's second opinion and award to the Full Commission. On or about 12 March 1999, plaintiff also filed a motion for taking of additional evidence seeking the admission of medical records and diagnosis from plaintiff's Maryland physician. The Full Commission reviewed the matter and filed its opinion and award, with detailed findings and conclusions, on 24 January 2000. In its decision, the Full Commission affirmed the sec-

ond opinion and award of Deputy Commissioner Berger and denied plaintiff's motion for taking of additional evidence. Significantly in its opinion and award, the Commission concluded:

> Plaintiff did not appeal Deputy Commissioner Berger's Opinion and Award, filed 29 September 1995, affirming the Form 24 Application to Terminate or Suspend Payment of Compensation decision, which was filed 23 November 1994. Plaintiff has the burden of proving that he has been disabled for any time period following this termination of benefits on 7 October 1994. Plaintiff has failed to show by the greater weight of the evidence that he was disabled during the time period beginning 7 October 1994 to the date of the hearing before the Deputy Commissioner, with the exception of the time period that plaintiff was in the program at the Bowman Gray Baptist Hospital Spine Center. . . .

Plaintiff now appeals to this Court.

[1] First, plaintiff assigns error to the Commission's findings of fact, conclusions of law, and award. After a careful review of the record, we find that competent evidence supports the Commission's findings, and the Commission's findings support its conclusions and award. Therefore, we reject this assignment of error.

"The standard of review for an appeal from an opinion and award of the Industrial Commission is limited to a determination of (1) whether the Commission's findings of fact are supported by any competent evidence in the record; and (2) whether the Commission's findings justify its conclusions of law." *Goff v. Foster Forbes Glass Div.*, 140 N.C. App. 130, 132-33, 535 S.E.2d 602, 604 (2000). Furthermore, "[t]he facts found by the Commission are conclusive upon appeal to this Court when they are supported by competent evidence, even when there is evidence to support contrary findings." *Pittman v. International Paper Co.*, 132 N.C. App. 151, 156, 510 S.E.2d 705, 709, *disc. review denied*, 350 N.C. 310, 534 S.E.2d 596, *aff'd*, 351 N.C. 42, 519 S.E.2d 524 (1999). In other words, " '[t]he findings of fact by the Industrial Commission are conclusive on appeal if supported by any competent evidence.' " *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998), *reh'g denied*, 350 N.C. 108, 532 S.E.2d 522 (1999) (quoting *Gallimore v. Marilyn's Shoes*, 292 N.C. 399, 402, 233 S.E.2d 529, 531 (1977)).

Specifically, plaintiff challenges the Commission's findings: (1) giving greater weight to the opinions of Dr. Sanitate than those of Dr.

McCain, (2) that Dr. McCain recommended a program aimed at functional restoration, and that plaintiff (3) did not have fibromyalgia, (4) intentionally exaggerated his pain, (5) is physically able to return to work, (6) reached maximum medical improvement with regards to his back and arm injury as of the date of his release from the Spine Center in 1996, (7) only needed conservative care that includes non-addictive pain medications, (8) had not undergone a change of condition since his first examination by Dr. McCain in 1994, and (9) had not conducted a reasonable job search since being released from the Spine Center.

We stress that " '[t]he Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony.' " *Dolbow v. Holland Industrial*, 64 N.C. App. 695, 697, 308 S.E.2d 335, 336 (1983) (quoting *Anderson v. Construction Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965)). "Thus, the Commission may assign more weight and credibility to certain testimony than other." *Dolbow*, 64 N.C. App. at 697, 308 S.E.2d at 336.

At bar, three doctors, Drs. Jaufmann, Davis, and Sanitate (the independent examiner), opined that plaintiff suffered from a thoracolumbar strain, not fibromyalgia, and was able to return to work. Furthermore, after performing a series of tests on plaintiff, Dr. Sanitate found no anatomical relationship between plaintiff's reports of pain and his performance on these tests. Consequently, Dr. Sanitate concluded that plaintiff had no organic source for his pain and was not being truthful regarding his pain. While there is contrary evidence to the Commission's findings regarding these doctors' opinions and diagnosis, primarily in the form of Dr. McCain's opinions and diagnosis, the Commission, in a rightful exercise of its discretion, gave more weight and credibility to the opinions of Drs. Jauffman, Davis, and Sanitate. As to Dr. McCain's recommendation that plaintiff participate in a functional restoration program, evidence of this recommendation is found in the record in a letter that Dr. McCain wrote dated 15 December 1994. Thus, competent evidence in the record supports the Commission's findings giving more weight to the opinions of Dr. Sanitate, that Dr. McCain recommended a program aimed at functional restoration, plaintiff did not have fibromyalgia, plaintiff intentionally exaggerated his pain, plaintiff reached maximum medical improvement as of the date of his release from the Spine Center, and plaintiff only needed conservative care that included non-addictive pain medications.

Despite the fact that the Commission found that plaintiff had not undergone a change of condition since his first examination by Dr. McCain in 1994, plaintiff argues that he did undergo a change of condition pursuant to N.C. Gen. Stat. § 97-47. Importantly, a " 'change in condition' can consist of either a change in the claimant's physical condition that impacts his earning capacity, a change in the claimant's earning capacity even though claimant's physical condition remains unchanged, or a change in the degree of disability even though claimant's physical condition remains unchanged." *Blair v. American Television & Communications Corp.*, 124 N.C. App. 420, 423, 477 S.E.2d 190, 192 (1996) (citations omitted). "In all instances the burden is on the party seeking the modification to prove the existence of the new condition and that it is causally related to the injury that is the basis of the award the party seeks to modify." *Id.*

Significantly, "[a] mere change of the doctor's opinion with respect to claimant's preexisting condition does not constitute a change of condition required by G.S. 97-47." *Shuler v. Talon Div. of Textron*, 30 N.C. App. 570, 577, 227 S.E.2d 627, 631 (1976), *overruled on other grounds, Hyler v. GTE Products Co.*, 333 N.C. 258, 425 S.E.2d 698 (1993). The only evidence that plaintiff presents to show a change of condition is the change of his doctor's (Dr. McCain) opinion that plaintiff had chronic pain syndrome and now has fibromyalgia. Therefore, competent evidence in the record supports the Commission's finding that plaintiff had not undergone a change of condition.

As to the Commission's finding that plaintiff had not conducted a reasonable job search since being released from the Spine Center in 1996, the Commission only had the testimony of plaintiff as to his actual job search. Plaintiff admits that during this job search, he continued to utilize his cane. Again, competent evidence supports the Commission's finding that plaintiff's job search, consisting of his going to defendant-employer's job site unannounced seeking employment and an eight-day period in a span of two years, was not a reasonable job search. Therefore, we hold that competent evidence supports the entirety of the Commission's findings of fact, and thus, those findings are conclusive on appeal.

[2] Next, plaintiff challenges the conclusions of law made by the Commission. In particular, plaintiff argues that the Commission erred (1) in concluding that he failed to meet his burden of proof showing that he had been disabled for any time period following his termination of benefits on 7 October 1994, and (2) in failing to shift the bur-

den of proof to defendant-employer after he allegedly satisfied his burden of proving a continuing disability. Again, we disagree with plaintiff.

As mentioned *supra*, the Commission concluded:

Plaintiff did not appeal Deputy Commissioner Berger's Opinion and Award, filed 29 September 1995, affirming the Form 24 Application to Terminate or Suspend Payment of Compensation decision, which was filed 23 November 1994. Plaintiff has the burden of proving that he has been disabled for any time period following this termination of benefits on 7 October 1994. . . .

Therefore, as plaintiff did not appeal the first opinion and award of Deputy Commissioner Berger, the burden of proving a continuing disability shifted to plaintiff. *See Brown v. S & N Communications, Inc.*, 124 N.C. App. 320, 331, 477 S.E.2d 197, 203 (1996).

"The Industrial Commission's conclusions of law are reviewable *de novo* by this Court." *Lewis v. Sonoco Prods. Co.*, 137 N.C. App. 61, 68, 526 S.E.2d 671, 675 (2000). We note that the approval of a Form 21 agreement establishes a presumption that the employee is disabled, and the disability is considered to continue until the employer shows that suitable jobs are available and that plaintiff is capable of getting one of those jobs. *See McCoy v. Oxford Janitorial Service Co.*, 122 N.C. App. 730, 732-33, 471 S.E.2d 662, 664 (1996). However, if an employer presents evidence showing an employee has unjustifiably refused suitable employment, the presumption of disability is rebutted. *Franklin v. Broyhill Furniture Industries*, 123 N.C. App. 200, 206, 472 S.E.2d 382, 386 (1996); N.C. Gen. Stat. § 97-32. "If the employer offers sufficient evidence to rebut the continuing presumption of disability, . . . [t]he burden then switches back to the employee to offer evidence in support of a continuing disability . . . ." *Brown*, 124 N.C. App. 320, 331, 477 S.E.2d 197, 203. "The employee can prove a continuing total disability by showing either that no jobs are available, no suitable jobs are available, or that he has unsuccessfully sought employment with the employer." *Id.*

Here, a Form 21 agreement for disability compensation was approved on 29 August 1994. The approval of the Form 21 agreement gave rise to the presumption that plaintiff was disabled and had a continuing disability. At the first hearing, defendant-employer presented evidence that plaintiff was offered a light duty position to begin on 7 October 1994, and plaintiff unjustifiably refused the posi-

tion. Thus, the deputy commissioner entered an order affirming the Form 24 application to stop temporary total disability payments to plaintiff. Since defendant-employer offered sufficient evidence to rebut the continuing presumption of disability, the burden switched back to plaintiff at the second hearing to offer evidence supporting his claim of a continuing disability. Dr. McCain's change of opinion, plaintiff's unannounced visit to defendant-employer's job site seeking employment, and an eight-day job search in a period of two years do not serve to meet his burden.

Plaintiff argues that he "satisfied his burden of disability by showing his incapacity to earn wages during his three week treatment at the Spine Center." We find plaintiff's claim flawed. Important to note, plaintiff never appealed the first opinion and award of the deputy commissioner. Thus, to prove a continuing disability after his release from the Spine Center, plaintiff "ha[d] the burden of proving both the existence of his disability and its degree." *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 595, 290 S.E.2d 682, 683 (1982). The only evidence that shows plaintiff may have suffered from a continuing disability and was unable to return to work in any capacity after his release from the Spine Center came in the form of the opinion and diagnosis of Dr. McCain—who was contradicting his earlier opinion and diagnosis. Nevertheless, the Commission gave more credibility and weight to the opinions and diagnoses of Drs. Jaufmann, Davis, and Sanitate—who concluded that plaintiff could return to work. From the evidence before us, it is clear that plaintiff never proved the existence and degree of any continuing disability after the termination of his benefits on 7 October 1994, or after his release from the Spine Center in 1996. Therefore, the burden of proof never shifted back to defendant-employer. Hence, we find that the Commission's conclusions of law in their entirety are supported by the findings of fact.

Finally, "[w]hen called upon to review the findings of fact, conclusions of law, and awards of the [Commission] in compensation cases, the courts determine as a matter of law whether the facts found support the Commission's conclusions, and whether they justify the awards." *McRae v. Wall*, 260 N.C. 576, 578, 133 S.E.2d 220, 222 (1963). Here, we find that as a matter of law the facts support the Commission's conclusions and justify the award. Thus, we affirm the Commission's findings of fact, conclusions of law, and award.

[3] Next, plaintiff assigns error to the Commission's alleged disregard of the testimony of three of his witnesses. At the hearing, the Commission heard plaintiff's sister and two brothers testify as to

their observations of plaintiff's pain and inactivity. However, the Commission did not mention the testimony in its opinion and award. After a review of this issue, we overrule this assignment.

We note that, "[i]t is not, however, necessary that the Full Commission make exhaustive findings as to each statement made by any given witness or make findings rejecting specific evidence that may be contrary to the evidence accepted by the Full Commission." *Bryant v. Weyerhaeuser Co.*, 130 N.C. App. 135, 139, 502 S.E.2d 58, 62 (1998). At bar, plaintiff's three siblings testified before the Commission at the hearing, and the testimony is included in the record. There is no proof that the Commission disregarded this testimony; on the contrary, the Commission, in a proper exercise of its discretion, chose not to make exhaustive findings regarding the testimony of these lay witnesses who were not medical experts.

Plaintiff relies on this Court's decision in *Lineback v. Wake County Board of Commissioners*, 126 N.C. App. 678, 680, 486 S.E.2d 252, 254 (1997), for the supposition that "before finding the facts, the Industrial Commission must consider and evaluate all of the evidence." *Lineback* is clearly distinguishable from the case *sub judice*. Significantly in *Lineback*, the Commission failed to consider the testimony of the plaintiff's orthopaedic surgeon. *See id.* Here, plaintiff's siblings were not treating physicians; they were lay witnesses, related to plaintiff, who were not competent to testify as to plaintiff's medical condition or any disability he may have. *See Click v. Freight Carriers*, 300 N.C. 164, 265 S.E.2d 389 (1980). The Commission considered and evaluated the testimony at issue and chose not to make exhaustive findings and mention the testimony in its opinion and award. Additionally, the Commission had before it the opinions and diagnoses of four doctors, one of which supported plaintiff's witnesses' claims. Therefore, we reject plaintiff's second assignment of error.

[4] Finally, plaintiff assigns error to the Commission's alleged failure to exercise discretion, or alleged manifest abuse of discretion, in denying his motion for taking of additional evidence. Plaintiff filed a motion for taking of additional evidence seeking the admission of medical records and diagnosis from plaintiff's Maryland physician, and the Commission denied the motion. After reviewing this argument, we affirm the Commission's denial of plaintiff's motion.

A plaintiff does not have a substantial right to require the Commission to hear additional evidence, and the duty to do so only

applies if good ground is shown. *See Eaton v. Klopman Mills, Inc.*, 2 N.C. App. 363, 163 S.E.2d 17 (1968). Furthermore, plaintiff concedes that, "[t]he question of whether to reopen a case for the taking of additional evidence is addressed to the sound discretion of the Commission, and its decision is not reviewable on appeal in the absence of a manifest abuse of that discretion." *Pickrell v. Motor Convoy, Inc.*, 82 N.C. App. 238, 243-44, 346 S.E.2d 164, 168 (1986), *rev'd on other grounds*, 322 N.C. 363, 368 S.E.2d 582 (1988).

Where, as here, "an issue has been fairly litigated, with proof offered by both parties upon an issue, a claimant should not be entitled to a further hearing to introduce cumulative evidence, unless its character or force be such that it would be likely to produce a different result." *Hall v. Chevrolet, Co.*, 263 N.C. 569, 577, 139 S.E.2d 857, 862 (1965). This Court in the past has held that the Commission did not abuse its discretion in denying a plaintiff's motion to present newly discovered evidence consisting of physician's evaluations since such conclusions by such physician were no different from conclusions of other physicians which were in evidence. *See Thompson v. Burlington Industries*, 59 N.C. App. 539, 543, 297 S.E.2d 122, 125 (1982). At bar, evidence of Dr. McCain's diagnosis of plaintiff as having fibromyalgia, plaintiff's alleged pain, and plaintiff's alleged inability to work due to pain was already before the Commission. Hence, the admission of the testimony of plaintiff's Maryland physician would be repetitive, unnecessary, cumulative evidence and would not likely produce a different result. Therefore, we hold that plaintiff did not show good grounds for the Commission to hear additional evidence, and the Commission did not abuse its discretion or commit a manifest abuse of discretion. Additionally, the due administration of justice did not require the taking of additional evidence in this matter. *See Tindall v. Furniture Co.*, 216 N.C. 306, 311, 4 S.E.2d 894, 897 (1939). Accordingly, we reject this assignment.

Thus, the Commission's opinion and award is

Affirmed.

Judges WALKER and CAMPBELL concur.