JILL ANN WARD, Plaintiff-Employee v. LONG BEACH VOLUNTEER RESCUE SQUAD, AND TOWN OF OAK ISLAND, Defendant-Employer, self-insured through the North Carolina Interlocal Risk Management Agency

No. COA01-1300

(Filed 6 August 2002)

**1. Workers' Compensation— injury to Rescue Squad volunteer—membership in Rescue Squad**

The Industrial Commission did not err in a workers' compensation action by finding and concluding that plaintiff was a volunteer member of the Rescue Squad where plaintiff began as a volunteer member of the Long Beach Volunteer Rescue Squad, became a paid member of the Oak Island EMS, became an honorary member of the Long Beach squad who could return to active duty during extenuating circumstances, and she was injured during Hurricane Floyd relief efforts when she completed her Oak Island shift and volunteered at Long Beach. Extenuating circumstances existed.

**2. Workers' Compensation— emergency management volunteer—injury compensable**

The Industrial Commission did not err by finding and concluding that plaintiff's claim was compensable pursuant to the N.C. Emergency Management Act where plaintiff volunteered during Hurricane Floyd relief efforts and was injured while on patrol. Although the record reveals that plaintiff was bored and wanted to ride in the Humvee because it was fun, help was needed on a continuous basis and it is irrelevant whether plaintiff was responding to a call at the time of her injuries.

**3. Appeal and Error— offer of proof—included in record**

The Industrial Commission did not abuse its discretion in a workers' compensation action by including plaintiff's offer of proof in the record. Although defendant contended on appeal that the report had never been admitted, the Commissioner who settled the record stated that plaintiff's offer of proof was tendered and accepted by the Deputy Commissioner.

Appeal by defendant from opinion and award entered 26 June 2001 by the Industrial Commission. Heard in the Court of Appeals 12 June 2002.

*The Slaughter Law Firm, PC, by M. Troy Slaughter, for plaintiff.*

*Christopher L. Mewborn, PA, by Christopher L. Mewborn, for defendant.*

BRYANT, Judge.

## Procedural history

This matter was heard on 7 June 2000 in Wilmington, North Carolina, with Deputy Commissioner John A. Hedrick presiding. At that hearing, plaintiff Jill Ann Ward dismissed with prejudice her claim for workers' compensation benefits against Yaupon Beach Volunteer Fire Department. An order allowing the dismissal was filed on 12 June 2000.

By opinion and award filed 31 August 2000, Deputy Commissioner Hedrick denied plaintiff's claim for workers' compensation benefits. On 13 September 2000, plaintiff filed notice of appeal with the Full Commission, and on 15 September 2000, defendant filed a cross appeal.

By opinion and award filed on 26 June 2001, the Full Commission reversed the opinion and award of the Deputy Commissioner, and awarded workers' compensation benefits to plaintiff. Defendant gave notice of appeal to the Court of Appeals on 25 July 2001.

## Facts

On the night of 22 September 1999, while patrolling Caswell Beach, plaintiff sustained serious bodily injuries when the Humvee vehicle in which she was riding overturned. Plaintiff was thrown from the Humvee and sustained a fractured vertebrae, severe lacerations to her skull and body, a fractured tailbone, and bruises and contusions throughout her entire body. Plaintiff has been unable to return to work since the date of the accident.

At the time of the accident, plaintiff was employed as an emergency medical technician (EMT) with the Town of Oak Island Emergency Medical Services (Oak Island EMS). In addition, plaintiff was a honorary member of the Long Beach Volunteer Rescue Squad (Rescue Squad), which was the volunteer component of the Oak Island EMS. Volunteer members with the Rescue Squad assumed the

duties of paid members when the paid members of the Oak Island EMS went off duty.

Before becoming a paid member of the Oak Island EMS, plaintiff had been a volunteer member of the Rescue Squad. Upon becoming a paid EMT, plaintiff was required to resign from her position with the Rescue Squad. After plaintiff's resignation from the Rescue Squad, plaintiff was adorned with the status of honorary member of the Rescue Squad. Honorary members were not required to respond to emergency calls and did not engage in active duty. However, honorary members were allowed to return to active duty under extenuating circumstances. At oral argument, counsel for plaintiff stated that at times when plaintiff was functioning as a volunteer member of the Rescue Squad, she would be paid as an EMT.

In 1999, Hurricane Floyd caused extreme damage to the coastline of Brunswick County, North Carolina (including Caswell Beach and the Town of Oak Island). On 14 September 1999, the Governor of North Carolina issued a "Proclamation of the State of Disaster," and ordered all state and local government entities and agencies to cooperate in the implementation of an emergency operations plan.

Volunteers and paid emergency management workers performed a variety of tasks including: manning checkpoints, preparing food, patrolling for looters, patrolling for curfew violators, manning roadblocks, delivering meals and water, attending coordination meetings, assisting other agencies, going on patrol with members of the North Carolina National Guard, and escorting outside agencies around the local areas. Volunteers reported to the Yaupon Beach Volunteer Fire Department (the unofficial headquarters of the relief effort) to determine in what areas needed assistance.

On the morning of 22 September 1999, plaintiff was ordered not to report to work (as an EMT). Thereafter, plaintiff spent a portion of the afternoon assisting (as a volunteer) at the fire department. Plaintiff went home but later returned to the fire department. Plaintiff stated that she was bored because there was nothing to do at the fire department; thereafter, she and three other emergency workers patrolled Caswell Beach while riding in a Humvee vehicle.

During the patrol, one of the workers spotted some persons on the beach in violation of curfew. The persons were told to leave the beach area. As the driver backtracked in the direction from which he had come, the driver began to increase speed. Shortly thereafter, the

driver lost control of the Humvee, and the vehicle overturned. Plaintiff sustained several injuries as a result of being thrown from the vehicle.

### Standard of review

Opinions and awards of the Commission are reviewed to determine whether competent evidence exists to support the Commission's findings of fact, and whether the findings of fact support the Commission's conclusions of law. *See Deese v. Champion Int'l Corp.*, 352 N.C. 109, 114, 530 S.E.2d 549, 552 (2000). If supported by competent evidence, the Commission's findings are binding on appeal even when there exists evidence to support findings to the contrary. *Allen v. Roberts Elec. Contr'rs*, 143 N.C. App. 55, 60, 546 S.E.2d 133, 137 (2001); *Adams v. AVX Corp.*, 349 N.C. 676, 681, 509 S.E.2d 411, 414 (1998). The Commission's conclusions of law are reviewed *de novo*. *Allen*, 143 N.C. App. at 63, 546 S.E.2d at 139.

### I.

[1] First, defendant argues that the Commission erred by finding and concluding that plaintiff was a volunteer member of the Rescue Squad. We disagree.

The record reveals that prior to becoming a paid member of the Oak Island EMS, plaintiff was a volunteer member of the Rescue Squad. After joining the Oak Island EMS as a paid member, plaintiff resigned from her position with the Rescue Squad. Following this resignation, the Rescue Squad adorned plaintiff with the status of honorary member. Although honorary members did not engage in active duty, honorary members were allowed to return to active duty during extenuating circumstances.

In the instant case, extenuating circumstances existed as the presence of Hurricane Floyd caused severe damage to the Brunswick County coastline. Due to the damages caused by Hurricane Floyd, the Governor declared the region a disaster area.

The record reveals that plaintiff was allowed to engage in active duty during the Hurricane Floyd relief efforts. Specifically, the record reveals that "[e]very evening after completing her shift for the Town of Oak Island, plaintiff would go to the Yaupon Beach Fire Station to work as a volunteer." The record is replete with evidence that plaintiff had been allowed to engage in and accepted for active volunteer

duty during the Hurricane Floyd relief effort. Therefore, we overrule this assignment of error.

## II.

**[2]** Second, defendant argues that the Commission erred by finding and concluding that plaintiff's claim is compensable pursuant to the North Carolina Emergency Management Act. We disagree.

Defendant points this Court's attention to sections 166A-14(d)-(e), and 166A-4(1) of the North Carolina General Statues in support of its argument that plaintiff was not acting in the course of her volunteer duties when she was injured on 22 September 1999. N.C.G.S. § 166A-14(d)-(e) (2001) provide:

(d) As used in this section, the term "emergency management worker" shall include any full or part-time paid, volunteer or auxiliary employee of this State or other states, territories, possessions or the District of Columbia, of the federal government or any neighboring country or of any political subdivision thereof or of any agency or organization performing emergency management services at any place in this State, subject to the order or control of or pursuant to a request of the State government or any political subdivision thereof.

(e) Any emergency management worker, as defined in this section, performing emergency management services at any place in this State pursuant to agreements, compacts or arrangements for mutual aid and assistance to which the State or a political subdivision thereof is a party, shall possess the same powers, duties, immunities and privileges he would ordinarily possess if performing his duties in the State, or political subdivision thereof in which normally employed or rendering services.

N.C.G.S. § 166A-4(1) (1999) (current version at N.C.G.S. § 166A-4(4) (2001)) provides: "Emergency Management.—Those measures taken by the populace and governments at federal, State, and local levels to minimize the adverse effect of any type disaster, which includes *the never-ending preparedness cycle of prevention*, mitigation, warning, movement, shelter, emergency assistance, and recovery." (Emphasis added.)

Defendant argues that, as required by the applicable provisions of Chapter 166A, plaintiff's injury did not arise out of and in the course of her employment (volunteer service) with the Rescue Squad; that

when the injuries occurred, plaintiff was not engaged in emergency management services designed to minimize the adverse effects of a disaster; that plaintiff's activities did not occur in the time, place or circumstances of her employment nor did her activities provide an appreciable benefit to the Rescue Squad; but rather, her injuries were the result of her joy riding. We disagree.

At oral argument, defendants conceded that extenuating circumstances existed. A review of the record reveals that on the evening of 22 September 1999, plaintiff went to the Yaupon Beach Fire Station and made herself available to do whatever was necessary to assist in the continuing relief effort. At the time of the accident, plaintiff was on patrol with a lieutenant and a captain of the Yaupon Beach Volunteer Fire Department, and with a member of the North Carolina National Guard. Plaintiff made herself available during the patrol to assist in the event that emergency management services were needed. By virtue of her status as an honorary member, plaintiff was accepted for active duty in the wake of extenuating, emergency circumstances. By participating in active patrol duty, plaintiff was performing in accordance with the Rescue Squad mission, and in furtherance of minimizing the effects of the disaster.

Although the record reveals that plaintiff was bored at the fire department and wanted to ride on the Humvee vehicle because it was fun, competent evidence exists to show that plaintiff's injuries were sustained while engaged in emergency management services in accordance with provisions of the North Carolina Emergency Management Act. Specifically, plaintiff was engaged in *the never-ending preparedness cycle of prevention*" as referenced pursuant to N.C.G.S. § 166A-4(1). Moreover, the circumstances of the disaster were such that there was a continuous need for relief efforts. Therefore, it is irrelevant whether plaintiff was responding to a call for help at the time of her injuries, because the need for help existed on a continuous basis.

Because competent evidence exists to support the Commission's findings, and these findings support their conclusions, we overrule this assignment of error.

## III.

[3] Third, defendant argues that the Commission abused its discretion by including plaintiff's offer of proof in the record on appeal. We disagree.

The Commission is vested with the authority to settle the record on appeal, and its decisions in that regard will not be overturned absent abuse of discretion. *Porter v. Fieldcrest Cannon, Inc.*, 133 N.C. App. 23, 27, 514 S.E.2d 517, 521 (1999).

Defendant argues that "[i]nclusion of a report, never admitted into evidence, containing statements from witnesses not subject to cross-examin[ation], and where there is no cross-assignment of error by the Plaintiff that the document should be admitted constitutes a manifest abuse of discretion." We, however, are unpersuaded by defendant's argument.

By order settling the record filed on 8 October 2001, Commissioner Renee C. Riggsbee stated "Upon review of the transcript of the Deputy Commissioner's hearing, particularly at page 89, it is apparent that the Offer of Proof Number 1 [plaintiff's offer of proof] was tendered and accepted by the Deputy Commissioner and thereby should be part of the record of this action." Based on the above referenced deliberation, it does not appear the Commission abused its discretion in including plaintiff's offer of proof in the record on appeal. Therefore, this assignment of error is overruled.

AFFIRMED.

Judges TIMMONS-GOODSON and McCULLOUGH concur.