STATE v. PHARR

[110 N.C. App. 430 (1993)]

---

STATE OF NORTH CAROLINA v. GEORGE EDWARD PHARR

No. 9221SC445

(Filed 1 June 1993)

1. **Criminal Law § 933 (NCI4th)— requested instruction of defendant's decision not to testify not given—motion by the court for appropriate relief—court not required to grant**

Defendant was not entitled to appropriate relief *per se* in an assault prosecution where defendant presented no evidence and requested at the charge conference an instruction concerning the effect of defendant's decision not to testify; the court agreed to give the instruction but failed to do so; the court reconvened after defendant was found guilty upon the court's motion for appropriate relief; and the court denied its own motion after hearing the arguments of counsel. Although defendant argues that the motion in and of itself establishes that defendant is entitled to relief, the trial court upon its own motion should have the same opportunity to hear the arguments of counsel and conduct a review as to whether there has been prejudicial error as when the motion is made by a party.

**Am Jur 2d, Coram Nobis and Allied Statutory Remedies §§ 44 et seq.**

2. **Criminal Law § 809 (NCI4th)— instruction on defendant's decision not to testify not given—motion for appropriate relief denied—error not prejudicial**

The court's error was not prejudicial in an assault prosecution where defendant presented no evidence and requested at the charge conference an instruction concerning the effect of defendant's decision not to testify; the court agreed to give the instruction but failed to do so; the court reconvened after

STATE v. PHARR

[110 N.C. App. 430 (1993)]

defendant was found guilty upon the court's motion for appropriate relief; and the court denied its own motion after hearing the arguments of counsel. The evidence of guilt was overwhelming, the defendant's theory of the case did not create an unmet expectation that defendant would testify, and the jury was told in the judge's opening statement as well as in the defense attorney's closing statement that the defendant was not required to testify.

**Am Jur 2d, Criminal Law § 940.**

3. **Evidence and Witnesses § 2874 (NCI4th)— assault—cross-examination—limited by court—no error**

The trial court did not err in an assault prosecution by limiting defendant's cross-examination of a prosecution witness. Although cross-examination is a matter of right, the scope of cross-examination is subject to appropriate control in the sound discretion of the court. The scope of defendant's cross-examination of this witness was properly limited by the trial court to protect the witness from harassment or undue embarrassment while making the interrogation effective for the ascertainment of the truth.

**Am Jur 2d, Witnesses § 472.**

Appeal by defendant from judgment entered 15 January 1992 by Judge Howard R. Greeson, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 13 April 1993.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Robin W. Smith, for the State.*

*Lawrence J. Fine for the defendant-appellant.*

WYNN, Judge.

Defendant was indicted on 9 September 1991 pursuant to N.C.G.S. § 14-32(a) for assault with a deadly weapon with intent to kill inflicting serious injury. The case was tried by a jury and the jury returned a verdict of guilty. The trial judge sentenced defendant to twenty years imprisonment.

The State's evidence tends to show the following. On 10 July 1991 between 10:00 and 11:00 p.m., a group of ten to twelve people

were standing at the corner of Blade and Birch Streets in the Cherryview housing development in Winston-Salem, North Carolina. Among those were Steven Sims, Curtis Coleman, Curtis Scott and Melvin Glover. A silver Honda Accord with two individuals inside, drove by and stopped at the corner. Curtis Coleman walked over to the car on the passenger's side and had a conversation with its occupants. The passenger in the car asked Coleman whether anyone in the group had any drugs. Coleman stated that they did not have drugs. He saw that the passenger had a handgun and returned to his friends across the street. Conversation between the group of people standing on the street and those in the vehicle continued for approximately ten minutes. Coleman again approached the vehicle, this time at the driver's side. Steve Sims followed Coleman. Others walked toward the passenger's side of the vehicle. The passenger of the vehicle leaned across the driver and fired five to six shots out of the driver's side window and the back window. Sims was struck in his left chest area.

The Honda was seen later that evening at the Bridgewood apartment building and the owner was determined to be Melvin Nivens. Nivens testified that he had loaned the car to defendant and Trina Johnson earlier that day. Coleman, Glover and Scott identified the defendant as the passenger in the car and as the person who fired the weapon injuring Sims.

Defendant presented no evidence. At the charge conference, counsel for defendant requested an instruction concerning the effect of defendant's decision not to testify. The court agreed to give the instruction but subsequently failed to do so. Defendant was found guilty of the charged offense. The following day, the trial court upon its own motion for appropriate relief reconvened pursuant to N.C.G.S. § 15A-1420(d), for a hearing to determine whether relief should be granted in the form of a new trial due to the court's failure to instruct the jury regarding the defendant's failure to testify. After hearing arguments of counsel, the court denied its own motion. From entry of judgment and sentencing as well as the denial of the court's motion for appropriate relief, defendant appeals.

I.

[1] By defendant's first assignment of error he contends that the trial court erred in denying its own motion for appropriate relief pursuant to N.C.G.S. § 15A-1420(d) based on the court's failure

to give a requested instruction regarding the defendant's decision not to testify.

Pursuant to N.C.G.S. § 15A-1420(d), "[a]t any time that a defendant would be entitled to relief by motion for appropriate relief, the court may grant such relief upon its own motion." Defendant argues that the court's motion for appropriate relief, in and of itself establishes that defendant is entitled to relief and that as a result, the court had no option but to grant the appropriate relief. We disagree.

Although the statute permits the court to grant relief to the defendant upon its own motion for appropriate relief when the defendant is entitled, it does not necessarily follow that the defendant is *per se* entitled to relief any time the motion is made by the court rather than by a party. Whether the motion for appropriate relief is made by a party or by the court itself, the standard of review for the failure to give a requested instruction which results in a violation of the defendant's constitutional rights remains the same under N.C.G.S. § 15A-1443(b). Such an error is deemed prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. *See* N.C.G.S. § 15A-1443(b). Appropriately, as in this case, a subsequent hearing may be held to make a determination as to whether the error was harmless or not. As a result, the trial court, upon its own motion should have the same opportunity to hear the arguments of counsel and conduct a review in making a determination as to whether there has been a prejudicial error for which appropriate relief should be granted, as when the motion is made by a party. Therefore the trial judge was not compelled *per se* to grant its own motion for appropriate relief, and defendant's assignment of error is without merit.

## II.

[2] Defendant next argues that the trial court committed prejudicial error by failing to give the requested jury instruction regarding the defendant's decision not to testify and by denying its own motion for appropriate relief because the exclusion of the instruction was not harmless error beyond a reasonable doubt.

We note initially that notwithstanding the fact that defendant's counsel failed to object to the jury charge when it was given, defendant's request for the instruction at the charge conference

was sufficient under Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure to warrant this Court's full review on appeal. *State v. Ross*, 322 N.C. 261, 265, 367 S.E.2d 889, 891 (1988); *State v. Pakulski*, 319 N.C. 562, 575, 356 S.E.2d 319, 327 (1987).

Although it was clearly error for the trial judge to fail to give the requested instruction concerning defendant's decision not to testify in his own defense, the issue is whether the omission was "sufficiently prejudicial to defendant's cause to warrant our order of a new trial?" *Ross*, 322 N.C. at 266, 367 S.E.2d at 892. The standard for determining whether the omission was prejudicial is provided in N.C.G.S. § 15A-1443(b) as follows:

A violation of defendant's rights under the Constitution of the United States is prejudicial unless the appellate court finds that it was harmless beyond a reasonable doubt. The burden is upon the state to demonstrate, beyond a reasonable doubt, that the error was harmless.

Thus the burden is on the State in this case to prove that the trial judge's error was harmless beyond a reasonable doubt.

The State contends that the error was harmless beyond a reasonable doubt because the evidence of defendant's guilt was overwhelming and it is extremely unlikely that the trial court's error affected the outcome of the case. Evidence of defendant's guilt included the testimony of three witnesses to the shooting who all identified defendant as the person who fired the shots. One of those witnesses, Curtis Coleman, had approached the passenger's side of the vehicle and spoke directly with the defendant a few minutes prior to the shooting. In addition, the owner of the Honda Accord testified that he loaned the car to defendant earlier on the day of the shooting.

Defendant points to the North Carolina Supreme Court's holding in *State v. Ross* for support. In *Ross*, where the defendant asked for an instruction concerning his decision not to testify and the trial judge promised to give the requested instruction but inadvertently failed to do so, the Court held that the State failed to meet its burden of proving that the omission was harmless error despite a finding of substantial evidence of the defendant's guilt. In reaching its decision, the Court noted the importance of the defendant's Fifth Amendment right against self-incrimination and pointed out that "crucial to [its] determination as to prejudice"

STATE v. PHARR

[110 N.C. App. 430 (1993)]

was the fact that defendant's attorney forecast self-defense as defendant's theory of the case. 322 N.C. at 267, 367 S.E.2d at 892. As a result of that forecast, the jury had an expectation that the defendant would present evidence as to why he killed the victims and that expectation was never met. The State points out, as did the trial judge, the distinctions between the defendant Ross's theory of his case and the theory presented by defendant in this case. Indeed, in its order denying appropriate relief, the trial court focused on the fact that the defendant's counsel never forecast that the defendant would testify and that the jury therefore had no expectation that defendant would testify. The trial judge found as fact that the "defendant's trial tactics were to rely solely on the weaknesses of the State's case and the presumption of innocence" and further that "[t]he jury at no time, was informed that the defense would present any evidence regarding any defense." The trial court concluded as a matter of law that the error in failing to give the requested instruction

> was not prejudicial as a matter of law but was harmless beyond
> a reasonable doubt in view of the defense trial tactics of relying
> upon the weakness of the State's evidence in that the jury
> at no time was promised and had no reason to expect the
> defendant to produce any evidence and the jury fully being
> aware that the State did have the burden and that the defend-
> ant had no burden, but was to be presumed innocent.

Moreover, it should be noted that the trial judge stated in his opening statement to the jury that

> [a] defendant does not have to prove anything in this country.
> Defendants do not have to put on evidence. Defendants do
> not have to take the stand, and they don't have to prove
> anything for one reason. That is the State, the government,
> has the burden of proof. All defendants are presumed to be
> innocent. They have no burden to prove anything whatsoever.

In addition, counsel for the defendant pointed out in her closing argument that the defendant had the right not to take the stand and testify.

We recognize the importance of the defendant's Fifth Amendment right to be free from compelled self-incrimination, as well as the importance of jury instructions concerning this right. However, whereas in this case, the evidence of guilt was overwhelming, the

defendant's theory of the case did not create an unmet expectation that the defendant would testify, and the jury was told in the judge's opening statement, as well as in the defense attorney's closing statement, that the defendant was not required to testify, we conclude that the trial judge's error was harmless beyond a reasonable doubt.

## III.

[3] By defendant's next assignment of error he contends that the trial court erred by prejudicially limiting defense counsel's absolute right to cross-examine a prosecution eyewitness in violation of both the federal and state constitutions.

Melvin Glover, when testifying for the State, identified the defendant as the passenger in the vehicle from which the gun was fired. On cross-examination, he was asked about whether he noticed any damage to the Honda Accord when he first saw it. The pertinent questioning and answers are as follows:

Cross-examination by defense counsel:

A: The back window was shot out and the back side window. I know that.

Q: That was when you first saw it?

A: Yeah. I heard the glass shooting out. Then I looked back and when I looked back the window was like busted.

Q: Are you saying when you heard these same shots you also heard glass breaking at the same time?

A: Uh-huh. Well, I ain't really— I heard glass hitting the ground and stuff like that.

Q: Did you observe the windows broken out before all this shooting or after?

A: Yes. Well, both of them. Before and after.

Redirect Examination by prosecution:

Q: Now, one other time did— The holes that are in this vehicle, did you observe any of those before Steven was shot?

A: Yes. They weren't busted out or nothing like that.

**STATE v. PHARR**

[110 N.C. App. 430 (1993)]

Q: They were not busted out? Okay. So you didn't see the holes before he was shot?

A: No.

Recross-examination:

Q: Mr. Glover, are you changing your testimony?

COURT: Objection sustained.

A: No.

Q: You indicated the windows in that car were shot out before you heard the shots as well as afterwards?

A: I said—

COURT: Ladies and gentlemen of the jury, you'll recall what the witness said. All right. Go ahead.

A: I said they wasn't shot before he got shot.

Defendant contends that the trial court improperly limited his right to cross-examine a witness against him. We disagree.

Although cross-examination is a matter of right, the scope of cross-examination is subject to appropriate control in the sound discretion of the court. *State v. Hosey*, 318 N.C. 330, 334, 348 S.E.2d 805, 808 (1986); *see also* N.C.G.S. § 8C-1, Rule 611 (1992). We conclude that the scope of the defendant's cross-examination of Melvin Glover was appropriately limited by the trial court to "protect the witness from harassment or undue embarrassment" while making the interrogation effective for the ascertainment of the truth. *See Id.* This assignment of error is without merit.

For the reasons outlined above, we hold that the defendant received a fair trial free from prejudicial error.

No Error.

Judges WELLS and GREENE concur.