KIMLEN DYESS GRAY, ADMINISTRATRIX OF THE ESTATE OF RICKEY L. GRAY, PLAINTIFF v. BENJAMIN G. ALLEN, CHARLES A. CRUMLEY AND ALBEMARLE SURGICAL CLINIC, P.A., DEFENDANTS

No. COA08-1092

(Filed 2 June 2009)

**1. Evidence— relevancy—board certification of doctor—not testifying as expert—other evidence**

The trial court did not abuse its discretion in a medical malpractice action by excluding evidence that defendant Crumley had failed the exam for board certification as a surgeon five times and was not board eligible at the time of the incident. It was reasonable for the trial court to conclude that defendant's board eligibility was not relevant to this action because Dr. Crumley testified only as a fact witness and not as an expert, while the board eligibility of the witnesses who testified as experts was relevant. Furthermore, there was no prejudice, given the similar testimony that was introduced through other witnesses.

**2. Evidence— cross-examination—medical code of conduct— unauthenticated article**

The trial court did not abuse its discretion in a medical malpractice action by limiting cross-examination of a defendant about a code of conduct and by not allowing cross-examination based on an unauthenticated article. The trial court conducted a *voir dire* and admitted the relevant portions of the code and was within its discretion in excluding documents that were not authenticated. Importantly, plaintiff made no showing of prejudice.

**3. Evidence— medical malpractice—prior lawsuit—knowledge of risk—unduly prejudicial**

The trial court was within its discretion in a medical malpractice case in excluding evidence of a prior lawsuit as unduly prejudicial to defendants, even taking as true plaintiff's argument that the evidence should have been admitted as to knowledge of the risk involved in postoperative care for this surgery.

**4. Discovery— opinions of experts—allegedly undisclosed— no abuse of discretion in admitting**

The trial court did not abuse its discretion in a medical malpractice action by admitting certain opinions from defendants' experts where plaintiff contended that the opinions were previously undisclosed. Considering all of the circumstances of discovery and the testimony at trial, the evidence was not unrelated, unduly prejudicial, or unfairly surprising to plaintiff.

**5. Evidence— medical malpractice—portions of deposition admitted—entire statement admitted on redirect**

The trial court did not err in a medical malpractice action by allowing defendants to introduce portions of a deposition transcript during cross-examination of plaintiff's witness. Although plaintiff contended that portions of the transcript were taken out of context, the court allowed the complete statement to be introduced by plaintiff on redirect. There is never a guarantee of timing when a witness is cross-examined.

Appeal by plaintiff from judgment entered 28 August 2007 by Judge Mark Klass in Stanly County Superior Court. Heard in the Court of Appeals 8 April 2009.

GRAY v. ALLEN

[197 N.C. App. 349 (2009)]

*Katten Muchin Rosenman LLP, by William L. Sitton, Jr., for plaintiff appellant.*

*Shumaker, Loop & Kendrick, LLP, by Scott M. Stevenson, Stacy H. Stevenson, and Tasha L. Winebarger, for defendants appellees.*

ELMORE, Judge.

In 2003, Rickey Gray (decedent), husband of Kimlen Dyess Gray (plaintiff), died following complications from a laparoscopic abdominal procedure performed by Dr. Benjamin G. Allen (defendant Allen) and Dr. Charles A. Crumley (defendant Crumley). Plaintiff brought a medical malpractice claim against defendants Allen and Crumley and their medical facility, Albemarle Surgical Clinic (defendant Clinic), based on the treatment provided to decedent. At the close of trial, the jury returned a unanimous verdict in favor of defendants, and plaintiff appealed based on several questions of the admissibility of evidence. After careful review, we find no error.

I. Facts

On 2 December 2003, at defendant Clinic, defendants Crumley and Allen performed a laparoscopic hernia repair (also called a herniorrhaphy) on decedent to repair a chronic ventral hernia. Decedent had undergone two previous non-laparoscopic surgeries for the same hernia. Defendant Allen had performed numerous laparoscopic procedures, including eight or nine herniorrhaphies performed alongside defendant Crumley; defendant Crumley had performed eighteen such procedures himself at the time of decedent's procedure.

Decedent was discharged on 4 December 2003. Later the same day, plaintiff called defendant Clinic and reported to the receptionist who answered the phone that decedent was in a great deal of pain. Plaintiff received no return call from either defendant Crumley or defendant Allen and thus called again when defendant Clinic opened on 5 December, reporting decedent's condition. Plaintiff later received a phone call telling her to bring decedent in to defendant Clinic later that morning.

When plaintiff brought decedent back to defendant Clinic, defendant Crumley ordered a CT scan of decedent's abdomen. The scan revealed a bowel perforation and sepsis; this was confirmed by

the ensuing emergency surgery performed by defendant Crumley.[1] After the operation, decedent was placed in intensive care to be treated for septic shock. His condition continued to deteriorate, however, and decedent passed away in the evening of 6 December. Plaintiff then instigated this suit against defendants for negligence.

At trial, two motions *in limine* were made by defendants to exclude certain evidence. The first motion concerned defendant Crumley's taking and failing five times the board examination to become board certified by the American College of Surgeons (ACS), as well as the fact that, as a result, he is no longer eligible to take the examination again.

The second motion concerned details of what both sides refer to as "the Moore case." The Moore case refers to defendant Allen's overseeing the postoperative care of a patient following a laparoscopic liver biopsy who displayed the same symptoms as decedent after the procedure and who was eventually diagnosed with a bowel perforation and sepsis.

At trial, defendants moved *in limine* to exclude evidence of both defendant Crumley's status as to board certification and the Moore case. Both motions were granted by the trial court.

On 20 August 2007, judgment was entered pursuant to jury verdicts in favor of defendants. Plaintiff now appeals based on the admission of certain evidence by the trial court.

II. Standard of Review

"The conduct of a trial is left to the sound discretion of the trial judge, and absent abuse of discretion, will not be disturbed on appeal." *Marley v. Graper*, 135 N.C. App. 423, 425, 521 S.E.2d 129, 132 (1999) (quotation and citation omitted). On appeal, plaintiff has raised multiple evidentiary rulings as assignments of error. In reviewing these determinations by the trial court, we defer to the trial court and will reverse only if the record shows a clear abuse of discretion. *State v. Peterson*, 361 N.C. 587, 602, 652 S.E.2d 216, 227 (2007). In particular, we will review the trial court's rulings on motions *in limine* and on the admissibility of expert testimony at trial for an abuse of discretion. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 458, 597 S.E.2d 674, 686 (2004); *State v. Wilson*, 183 N.C. App. 100, 103, 643 S.E.2d 620, 622 (2007).

---

1. Defendant Allen was apparently out of town for personal reasons at this point.

Under this standard, a trial court may have abused its discretion when the record shows that its ruling was so arbitrary that it " 'could not have been a result of competent inquiry.' " *Morris v. Gray*, 181 N.C. App. 552, 556, 640 S.E.2d 737, 740 (2007) (quoting *Wiencek-Adams v. Adams*, 331 N.C. 688, 691, 417 S.E.2d 449, 451 (1992)). A court has abused its discretion where its "ruling is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *Peterson*, 361 N.C. at 419, 652 S.E.2d at 227 (quotation and citation omitted).

Moreover, "an error in the admission of evidence is not grounds for granting a new trial or setting aside a verdict unless the admission amounts to the denial of a substantial right." *Suarez v. Wotring*, 155 N.C. App. 20, 30, 573 S.E.2d 746, 752 (2002). "The burden is on the appellant to not only show error, but also to show that he was prejudiced and a different result would have likely ensued had the error not occurred." *Id.*

III. Evidence of Dr. Crumley's Board Certification

[1] The first issue raised by plaintiff is whether the trial court erred in ruling to exclude evidence of board certification and board eligibility as to defendant Crumley. The parties concede that defendant Crumley had failed the exam for board certification as a surgeon five times, and he was therefore ineligible for board certification at the time of the incident. Ruling *in limine* on defendants' motion to exclude the evidence, the trial court precluded plaintiff from introducing this evidence. Plaintiff argues that it was an abuse of the trial court's discretion to allow evidence of board certification as to certain expert witnesses but to exclude evidence that defendant Crumley was no longer eligible to obtain such certification. We disagree.

Under North Carolina law, evidence is not relevant and not properly admissible if it has no "logical tendency . . . to prove a fact at issue in the case." *State v. Sloan*, 316 N.C. 714, 724, 343 S.E.2d 527, 533 (1986). We find that it is a reasonable conclusion by the trial court that defendant Crumley's credentials have no logical tendency to prove a fact at issue in the case. In other words, it was reasonable for the trial court to conclude that whether or not defendant Crumley was board eligible was not relevant to the negligence action. Given that he is a defendant in this action, defendant Crumley testified as a fact witness and not to assist the jury with opinions as an expert. His credentials are thus only relevant as a matter of general competence and membership in a voluntary organization; they are

not relevant to whether he breached the standard of care in his treatment of plaintiff.

By contrast, the record suggests that this evidence *was* relevant and admissible with respect to the witnesses who testified as experts and were therefore subject to proper qualification to be tendered by the court. We note that several other jurisdictions have concluded on review that evidence of board certification and eligibility is properly admissible to qualify experts, but is not relevant to prove a breach of the applicable standard of care in a negligence action. *See, e.g., Jackson v. Buchman*, 996 S.W.2d 30, 34 (Ark. 1999) ("[T]he ability or inability to pass examinations has no bearing on the issue of one's ability to meet the appropriate standard of care on a specific occasion."); *Gipson v. Younes*, 724 So.2d 530, 532 (Ala. 1998) ("[T]he physician's failing the test is irrelevant to the issue of his negligence in a malpractice case."); *Williams v. Mem'l Medical Ctr.*, 460 S.E.2d 558, 560 (Ga. 1995) ("A physician's inability to pass certification and licensure examinations does not make probable his negligent performance of a specific procedure.") (quotation and citation omitted). We agree with the trial court's ruling to this effect.

Furthermore, we are not persuaded that plaintiff was prejudiced by the exclusion of this evidence, given that similar testimony was introduced through other witnesses during trial. During the direct examination of defendant Crumley, defendant Crumley was asked whether he was board certified, to which defendant Crumley replied "No, I'm not." Plaintiff has not explained to this Court's satisfaction why defendant Crumley's lack of eligibility, rather than his lack of certification, is a crucial piece of evidence in this case.

As such, we hold that the trial court properly exercised its discretion to exclude further evidence of defendant Crumley's board eligibility, as it was potentially prejudicial information that was not relevant and therefore not helpful to the jury.

IV. Cross-examination on ACS Code of Conduct

[2] Plaintiff next argues that the trial court erred in limiting cross-examination of defendant Allen with respect to the ACS Code of Conduct. The record reveals that the trial court allowed some testimony on this code of conduct, but with limitations. It appears that, in her argument, plaintiff has conflated the admissibility of two separate pieces of evidence: the first, an article which was not authenticated and therefore on which the witness did not give testimony, and the

second, a code of conduct which was partially admitted for cross-examination by plaintiff. To determine the admissibility of the code, the trial court conducted a *voir dire* examination and admitted the relevant portions of the ACS Code of Conduct. Under Rule 901, the trial court was within its discretion to limit the scope of cross-examination to just the code of conduct and to exclude any other documents if they were not relevant or authenticated under Rule 901. N.C. Gen. Stat. § 8C-1, Rule 901 (2007); *State v. Pharr*, 110 N.C. App. 430, 437, 430 S.E.2d 267, 271 (1993) ("[T]he scope of cross-examination is subject to appropriate control in the sound discretion of the court.") (citations omitted).

Importantly, plaintiff makes no showing of prejudice based on the exclusion of any portion of the evidence on the article or the code of conduct. There is no evidence in the record, and no plausible argument made by plaintiff, that the trial court unreasonably excluded the evidence, or that a ruling on this matter was unfairly prejudicial to plaintiff. Accordingly we find no abuse of discretion by the court in allowing some testimony on the code of conduct, but with limitations based on the lack of authentication of the evidence by the witness.

V. Evidence of Prior Lawsuit

[3] Plaintiff next argues that the trial court erred in excluding evidence of a prior lawsuit against defendant Allen, which the parties refer to as "the Moore case." Defendants filed a motion *in limine* to exclude this evidence, and the trial court ruled to exclude the evidence. We conclude that it was properly within the discretion of the court to exclude this evidence on grounds of relevancy, prejudice to defendants, and the purpose for which it was introduced.

Under Rule 404(b) of the North Carolina Rules of Evidence, evidence of a prior instance of similar conduct may not be introduced in order to show a pattern of conduct by a defendant. N.C. Gen. Stat. § 8C-1, Rule 404(b) (2007) ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."). Evidence of this type risks significant prejudice to a defendant, and, in the case at hand, the specific evidence at issue carries questionable relevancy. *See* N.C. Gen. Stat. § 8C-1, Rule 403 (2007) ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice[.]").

In North Carolina, evidence of prior lawsuits against a defendant in a medical malpractice action is not relevant to whether a physician

was negligent in the current case. *Willoughby v. Wilkins*, 65 N.C. App. 626, 637-38, 310 S.E.2d 90, 97-98 (1983). Furthermore, evidence of a prior negligence action against defendants threatens substantial prejudice to the defendants.

Although plaintiff contends that she would have offered this evidence to show knowledge of the risk and symptoms of bowel perforations during postoperative care, we are not persuaded by this argument. Plaintiff has failed to show that this evidence was relevant or necessary to meet her burden to prove knowledge; in fact, there was specific testimony at trial by defendant Allen with regard to the risk of bowel perforations. Even taking plaintiff's argument as true—and thus that the evidence was admissible under Rule 404(b)—it is still within the trial court's discretion to make a ruling on admissibility based on the prejudicial effect of the evidence relative to its probative value. *See* N.C. Gen. Stat. § 8C-1, Rule 403 (2007); *State v. Coffey*, 326 N.C. 268, 281, 389 S.E.2d 48, 56 (1990) ("Whether to exclude evidence under Rule 403 is a matter left to the sound discretion of the trial court.") (citations omitted). We find that the trial court in this case acted properly within its discretion to exclude evidence of a prior lawsuit that would be unduly prejudicial to defendants and otherwise inadmissible for a proper purpose under Rule 404(b). Accordingly, we hold that trial court did not err in ruling to exclude this evidence.

VI. Testimony by Defendants' Experts

**[4]** Plaintiff next argues that the trial court erred in its ruling to admit certain opinions by three of defendants' witnesses at trial. Specifically, plaintiff contends that defendants' experts testified as to opinions that were previously undisclosed and therefore inadmissible under Rule 26(e)(1) of the North Carolina Rules of Civil Procedure. We disagree.

Per Rule 26(e)(1),

[a] party is under a duty seasonably to supplement his response with respect to any question directly addressed to (i) the identity and location of persons having knowledge of discoverable matters, and (ii) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.

N.C. Gen. Stat. § 1A-1, Rule 26(e)(1) (2007). The record in this case reflects that the names of the experts and the content of their testimony were properly disclosed by defendants in advance of trial.

Furthermore, each of the experts was available for depositions and each was in fact deposed by plaintiff. During these depositions, the experts also revealed the specific content of their opinions to plaintiff. Plaintiff's specific arguments as to each witness's testimony are: Dr. Robiscek in deposition stated that decedent had a "significantly reduced life expectancy," with explanations focusing on coronary artery disease, but at trial, he referenced different cardiovascular problems decedent had. Dr. Heniford testified about a relevant case study that helped illustrate his point; he had not mentioned the case study in his deposition. Dr. Nichols testified to the timing of the fatal injury, and plaintiff was not allowed to ask certain questions on cross-examination.

The discrepancies between the deposition and in-court testimonies of Drs. Robiscek and Heniford appear to be not so much discrepancies as differences in detail and elaboration such as are bound to occur in the two distinct settings. Plaintiff makes no argument that the testimony of Dr. Nichols differed from his deposition, and as such, we disregard plaintiff's mention of it.

Considering all of the circumstances of discovery and the testimony at trial, we conclude that the evidence was not unrelated, unduly prejudicial, or unfairly surprising to plaintiff, as she contends. We defer to the trial court's discretion and affirm its rulings to allow the testimony of Drs. Robiscek, Heniford, and Nichols at trial.

VII. Cross-examination of Dr. Martin

[5] Finally, plaintiff argues that the trial court erred in ruling to allow the introduction by defendants of portions of a deposition transcript. During cross-examination of plaintiff's witness Dr. Martin at trial, defendants introduced portions of his prior testimony about possible causes of a bowel perforation. Although plaintiff's counsel had also introduced portions of the same transcript, counsel objected to these statements on the grounds that they were taken out of context. In the next few lines of the transcript of the previous testimony, which were not read into evidence by defendants, Dr. Martin went on to reject the other possible causes as the likely cause of the perforation in this case. Plaintiff requested that the rest of the statement be read into evidence at the time, but the trial court did not sustain the objection; rather, the trial court allowed the evidence of the complete statement to be introduced by plaintiff on redirect. Indeed, on redirect examination by plaintiff's counsel, the witness returned to his testimony on the possible causes of the perforation to eliminate the other causes

and referred to the deposition. The testimony at this stage proceeded without objection and was allowed by the trial court.

Given that plaintiff had an adequate opportunity to introduce this evidence and question her own witness about his prior statements, we conclude there was no prejudice to plaintiff by the court's ruling. North Carolina law provides that a trial court may require a party to read a complete statement or other relevant portions of evidence in order to provide context for the jury; however, this decision is within the trial court's discretion at trial. *See* N.C. Gen. Stat. § 1A-1, Rule 32(a)(5) (2007) ("If only part of a deposition is offered in evidence by a party, an adverse party may require him to introduce any other part which is relevant to the part introduced, and any party may introduce any other parts."). There is never a guarantee of timing when a witness is cross-examined, and we decline to reverse the trial court's reasonable determination on this issue when plaintiff has suffered no prejudice as a result of the ruling. Accordingly, we find the trial court did not err in its ruling.

No error.

Judges WYNN and STROUD concur.