PAULETTE SMITH WISE, Executor of the Estate of HARVEY SMITH,
Deceased Employee, Plaintiff
v.
ALCOA, INC., Employer, SELF-INSURED, Defendant

No. COA13-29

Filed 3 December 2013

1. **Workers' Compensation—evidence—expert testimony— witnesses sufficiently qualified**

    The Industrial Commission did not err in a workers' compensation case by admitting testimony of medical experts. There was evidence in the record to support the Commission's determination that defendant's witnesses were sufficiently qualified in their respective fields.

2. **Workers' Compensation—findings of fact—supported by the evidence**

    The Industrial Commission did not err in a workers' compensation case by finding that plaintiff's decedent suffered from Barrett's esophagus. The report of a pathologist, whose credentials were not challenged by plaintiff, supported a finding of Barrett's esophagus and was sufficient evidence to support the Commission's finding.

**3. Workers' Compensation—findings of fact—supported by the evidence**

The Industrial Commission did not err in a workers' compensation case by giving weight to the known risk factors for esophageal disease. There was evidence in the record to support the Commission's finding that these risk factors were present.

**4. Workers' Compensation—admission of additional evidence— denial of motion—not prejudicial**

The Industrial Commission did not abuse its discretion in a workers' compensation case by denying plaintiff's motion to admit a deposition from another case as additional evidence. Even assuming *arguendo* that the denial was erroneous, plaintiff failed to show that the error was prejudicial.

**5. Workers' Compensation—quashed subpoena—no error**

The Industrial Commission did not err in a workers' compensation case by quashing plaintiff's subpoena of defendant's company representative regarding defendant's knowledge of asbestos-related health risks. Defendant had already stipulated that plaintiff was exposed to asbestos during his employment with defendant and defendant's knowledge or lack thereof of the risks of asbestos exposure was not relevant to the issue of whether defendant's exposure to asbestos was the cause of his esophageal cancer.

**6. Workers' Compensation—finding of fact—supported by the evidence**

The Industrial Commission's challenged finding of fact in a workers' compensation case did not lack evidentiary support. An expert witness cited the report which formed the basis of the finding as an authoritative source and the report was properly introduced into evidence. Furthermore, even assuming *arguendo* that this finding was erroneous, it was not essential to the Commission's decision.

**7. Workers' Compensation—opinion not contrary to law— federal provision not dispositive**

The Industrial Commission did not err as a matter of law in a workers' compensation case by issuing an opinion contrary to the law of North Carolina. Where a non-mandatory provision of federal law recognized the existence of an "association" between asbestos exposure and esophageal cancer, that provision was not dispositive of the issue of whether decedent's esophageal cancer was caused by asbestos exposure.

WISE v. ALCOA, INC.

[231 N.C. App. 159 (2013)]

Appeal by plaintiff from order entered 17 September 2012 by the North Carolina Industrial Commission. Heard in the Court of Appeals 4 June 2013.

*Wallace and Graham, P.A., by Michael B. Pross, for plaintiff-appellant.*

*Smith Moore Leatherwood LLP, by Jeri L. Whitfield and Lisa K. Shortt, for defendant-appellee.*

STEELMAN, Judge.

Where medical experts testified concerning subjects within their areas of expertise, the Industrial Commission did not err in admitting their testimony. The Commission did not err in finding that plaintiff's decedent suffered from Barrett's esophagus. There was evidence in the record to support the Commission's findings concerning risk factors applicable to decedent. The Commission did not abuse its discretion in denying plaintiff's motion to admit a deposition from another case as additional evidence. Where plaintiff moved to subpoena evidence that was not relevant to the issue before the Commission, the Commission's failure to address plaintiff's motion was harmless. Where a non-mandatory provision of federal law recognized the existence of an "association" between asbestos exposure and esophageal cancer, that provision was not dispositive of the issue of whether decedent's esophageal cancer was caused by asbestos exposure.

## I. Factual and Procedural History

Harvey Smith (Smith) worked for Alcoa, Inc. (defendant) from 1935 until 1978. The parties stipulated that he was exposed to asbestos during his employment with defendant. On 12 February 2008, Smith was diagnosed with esophageal cancer, specifically esophageal adenocarcinoma, from which he died on 9 March 2008 at an advanced age. Subsequently, the executor of his estate, Paulette Smith Wise, (plaintiff) filed this worker's compensation claim, contending that Smith's cancer and death were caused or contributed to by asbestos exposure that occurred during his employment with defendant.

Plaintiff offered three expert witnesses: Dr. Nicholas Shaheen, head of the Center for Esophageal Disease and Swallowing at the University of North Carolina; Dr. Ravi Reddy, Smith's treating physician; and Dr. Arthur Frank, a board certified expert of occupational medicine. Defendant also offered three expert witnesses: Dr. Ernest McConnell,

**WISE v. ALCOA, INC.**

[231 N.C. App. 159 (2013)]

a veterinary pathologist and toxicologist, and expert in animal medical studies; Dr. Kenneth Karb, a general oncologist; and Dr. Michael Morse, an expert in oncology.

On 17 September 2012, the Industrial Commission entered its Opinion and Award. The Commission concluded that plaintiff had failed to prove that Smith's esophageal cancer was characteristic of individuals engaged in his particular trade or occupation with defendant; that Smith's employment had put him at increased risk of developing esophageal cancer as compared to members of the general public; and that Smith had contracted a compensable occupational disease while working for defendant. The Industrial Commission denied plaintiff's claim.

Plaintiff appeals.

## II.  Standard of Review

Review of an opinion and award of the Industrial Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law. This court's duty goes no further than to determine whether the record contains any evidence tending to support the finding." *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008) (citations and quotations omitted).

"The Commission is the sole judge of the credibility of the witnesses and the weight to be given their testimony." *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 433-34, 144 S.E.2d 272, 274 (1965).

## III.  Arguments

## A.  Admission of Expert Testimony

[1] In her first argument, plaintiff contends that the Commission erred in admitting the testimony of defendant's experts. We disagree.

Rule 702 of the North Carolina Rules of Evidence states:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion.

N.C. R. Evid. 702(a), N.C. Gen. Stat. § 8C-1 (2009).[1] Our Supreme

---

1. We note that this language has since been amended by statute for cases commenced on or after 1 October 2011. The current language of Rule 702 implements the

Court, in *Howerton v. Arai Helmet, Ltd.*, detailed a three-step inquiry for evaluating the admissibility of expert testimony: (1) Is the expert's proffered method of proof sufficiently reliable as an area for expert testimony? (2) Is the witness testifying at trial qualified as an expert in that area of testimony? (3) Is the expert's testimony relevant? *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 458, 597 S.E.2d 674, 686 (2004) (citing *State v. Goode*, 341 N.C. 513, 527-529, 461 S.E.2d 631, 639-641 (1995)).

Plaintiff contends that defendant's witnesses, Drs. Karb, Morse and McConnell, were not experts in a medical field relevant to the issue in this case, which plaintiff contends is esophageal cancer resulting from asbestos exposure. However, our Supreme Court held in *Howerton* that:

> "It is not necessary that an expert be experienced with the identical subject matter at issue or be a specialist, licensed, or even engaged in a specific profession." "It is enough that the expert witness 'because of his expertise is in a better position to have an opinion on the subject than is the trier of fact.' "

*Id.* at 461, 597 S.E.2d at 688 (quoting *Goode* at 529, 461 S.E.2d at 640).

Dr. Karb was tendered as an expert in oncology. Plaintiff does not challenge this fact. Plaintiff argues, however, that Dr. Karb was not offered as an expert regarding the harms of asbestos, or with regard to gastrointestinal disease such as Barrett's esophagus. As was stated in *Howerton*, while this level of detail may have been relevant to Dr. Karb's credibility before the Commission, it did not mandate the exclusion of his testimony. It was sufficient that Dr. Karb was an expert in oncology, the study, diagnosis and treatment of cancer in general.

Dr. Morse was also tendered as an expert in "oncology and gastrointestinal oncology." Again, plaintiff does not challenge his credentials as an oncologist. Rather, plaintiff contends that Dr. Morse, like Dr. Karb, was not qualified to address the specific issue of causation of esophageal cancer. As with plaintiff's argument concerning Dr. Karb, we are unconvinced by this argument.

Dr. McConnell, a veterinarian, was tendered as an expert in "toxicology, pathology, and asbestos-associated diseases." Plaintiff notes that Dr. McConnell is not qualified to treat or evaluate humans for

---

standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 125 L.Ed.2d 469 (1993). However, the quoted version of Rule 702 was in effect at the time that the instant case was filed.

**WISE v. ALCOA, INC.**

[231 N.C. App. 159 (2013)]

asbestos-related disease, and that he had never been tendered as an expert in human disease resulting from asbestos exposure. However, Dr. McConnell's testimony was offered to present animal studies which had shown no link between asbestos exposure and esophageal cancer. Dr. McConnell was not called to testify about the treatment or diagnosis of asbestos exposure in humans, but instead to interpret a medical study. We hold that this was within his area of expertise.

It is the role of the Commission to consider the reliability and credibility of witnesses. It is not the role of this Court to make *de novo* determinations concerning the credibility to be given to testimony, or the weight to be given to testimony. We hold that there was evidence in the record to support the Commission's determination that defendant's witnesses were sufficiently qualified in their respective fields to testify as experts, and that the Commission was within its discretion to determine the credibility of their testimony and the weight to be given to that testimony.

This argument is without merit.

## B. Finding of Fact 11

**[2]** In her second argument, plaintiff contends that the Commission erred in finding that Smith suffered from a condition called Barrett's esophagus. We disagree.

Defendant's position before the Commission was that Smith's esophageal cancer was caused by a condition called Barrett's esophagus. In finding of fact 11, the Commission found:

> Decedent suffered from GERD [gastrointestinal reflux disease] for more than twenty years. Based upon the results of pathological examination of the tissue of his esophagus and a preponderance of the credible expert evidence of record, the Full Commission also finds that decedent had Barrett's esophagus and erosive esophagitis. All three conditions – GERD, Barrett's esophagus, and erosive esophagitis – are known risk factors for EAC [esophageal adenocarcinoma]. Other risk factors for esophageal cancer that were present in decedent's medical history were race (white), sex (male), age (elderly), mild obesity, and hiatal hernia (diagnosed in 1983).

Plaintiff contends that, because none of defendant's experts have backgrounds in gastroenterology or Barrett's esophagus, their testimony was not sufficient to support this finding. Similarly, plaintiff

contends that plaintiff's experts, specifically Drs. Reddy and Shaheen, who were qualified in gastroenterology, asserted that Smith did not have Barrett's esophagus.

According to the pathology report, a biopsy of Smith's esophagus revealed "intestinal metaplasia[,]" "poorly differentiated adenocarcinoma[,]" and "histologic findings consistent with Barrett's esophagus." This diagnosis was made by the pathologist, whose credentials are unchallenged by plaintiff. Because the Commission had before it the pathologist's report, which supports a finding of Barrett's esophagus, and because the pathologist's credentials were not challenged by plaintiff, we hold that there was evidence in the record sufficient to support the Commission's finding that Smith suffered from Barrett's esophagus.

This argument is without merit.

### C.  Weight Given to Risk Factors

[3] In her third argument, plaintiff contends that the Commission erred in giving weight to the known risk factors for esophageal disease. We disagree.

Plaintiff's argument is cursory, noting simply that while there are references in the record to these risk factors, no witness stated that they were the cause of Smith's esophageal cancer. However, the Commission did not conclude that any of these risk factors caused Smith's cancer; the Commission merely found their existence. Plaintiff herself concedes that references exist in the record to these risk factors. We hold that there was evidence in the record to support the Commission's finding that these risk factors were present.

This argument is without merit.

### D.  Motion for Additional Evidence

[4] In her fourth argument, plaintiff contends that the Commission erred in failing to address plaintiff's motion for additional evidence. We disagree.

In the Pre-Trial Agreement and Stipulations of the Parties, plaintiff listed Dr. Mark Cullen, a resident of California, as a potential witness. On appeal to the Full Commission, plaintiff moved to admit a deposition of Dr. Cullen from a prior civil action against defendant. Defendant opposed this motion, arguing that the deposition was inadmissible hearsay. Defendant contended that plaintiff had failed to show Dr. Cullen's unavailability; that the subject of the deposition was mesothelioma instead of esophageal cancer; that defendant had no reason

to cross-examine Dr. Cullen on the relationship between asbestos and esophageal cancer at the deposition; that because Dr. Cullen was an outside consultant, and not an employee of defendant, plaintiff was free to depose him at plaintiff's discretion; that plaintiff's failure to do so was deliberate; and that no good grounds existed for the admission of this evidence. The Full Commission denied plaintiff's motion.

According to Rule 701(f) of the Industrial Commission Rules, "[n]o new evidence will be presented to or heard by the Full Commission unless the Commission in its discretion so permits." 4 N.C. Admin. Code 10A.0701 (2011). The General Statutes provide that "the full Commission shall review the award, and, if good ground be shown therefor, reconsider the evidence, receive further evidence, rehear the parties or their representatives, and, if proper, amend the award[.]" N.C. Gen. Stat. § 97-85 (2011). In resolving an apparent conflict between the statute and the Industrial Commission Rules, we have held that:

> A plaintiff does not have a substantial right to require the Commission to hear additional evidence, and the duty to do so only applies if good ground is shown. *See Eaton v. Klopman Mills, Inc.,* 2 N.C. App. 363, 163 S.E.2d 17 (1968). Furthermore, plaintiff concedes that, "[t]he question of whether to reopen a case for the taking of additional evidence is addressed to the sound discretion of the Commission, and its decision is not reviewable on appeal in the absence of a manifest abuse of that discretion." *Pickrell v. Motor Convoy, Inc.,* 82 N.C. App. 238, 243-44, 346 S.E.2d 164, 168 (1986), *rev'd on other grounds,* 322 N.C. 363, 368 S.E.2d 582 (1988).

*Allen v. Roberts Elec. Contr.,* 143 N.C. App. 55, 65-66, 546 S.E.2d 133, 141 (2001). We discern no abuse of discretion in the Commission's denial of plaintiff's motion to introduce the deposition of Dr. Cullen.

Even assuming *arguendo* that the Commission's denial of plaintiff's motion was in error, we have held that "[a]n error in the admission of evidence is not grounds for granting a new trial or setting aside a verdict unless the admission amounts to the denial of a substantial right." *Gray v. Allen,* 197 N.C. App. 349, 353, 677 S.E.2d 862, 865 (2009). "The burden is on the appellant to not only show error, but also to show that he was prejudiced and a different result would have likely ensued had the error not occurred." *Id.* In the instant case, plaintiff failed to demonstrate that this error prejudiced plaintiff.

This argument is without merit.

## E. Objection to Quashed Subpoena

[5] In her fifth argument, plaintiff contends that the Commission erred in quashing plaintiff's subpoena of defendant's company representative. We disagree.

Plaintiff sought to subpoena defendant's company representative regarding defendant's knowledge of asbestos-related health risks. This subpoena was quashed by the Deputy Commissioner. Plaintiff contends that this prejudiced plaintiff, in that plaintiff could not cross-examine defendant about defendant's knowledge of the risks of asbestos exposure. Plaintiff raised this issue on review before the Full Commission. However, the Full Commission did not address this issue in its opinion.

We acknowledge that the Full Commission erred in failing to rule on plaintiff's objection concerning the quashed subpoena. However, defendant had already stipulated that Smith was exposed to asbestos during his employment with defendant. Defendant's knowledge or lack thereof of the risks of asbestos exposure was not relevant to the issue of whether Smith's exposure to asbestos was the cause of his esophageal cancer. Defendant's representative could not have addressed that issue. As such, even had the ruling to quash the subpoena been reversed, the testimony would not have been relevant. We hold any error to be harmless.

This argument is without merit.

## F. Finding of Fact 14

[6] In her sixth argument, plaintiff contends that the Commission lacked evidentiary support for its finding of fact 14. We disagree.

In finding of fact 14, the Commission found:

> The National Academy of Sciences was ordered by Congress to study the issue and advise Congress whether asbestos causes gastrointestinal cancers. The National Academy of Sciences' panels are typically used for politically sensitive issues in areas of science upon which an objective opinion, not influenced by bias, is needed. The panel's initial report is forwarded to a diverse set of reviewers to achieve a greater consensus and to insure that all sides of the issue are heard and fully considered before a final consensus opinion is reached. In 2006, the Institute of Medicine of the National Academy of Sciences published its findings in a book entitled *Asbestos: Selected*

*Cancers.* The conclusion reached by the Institute of Medicine ("IOM") with regard to esophageal cancer specifically was as follows:

> Some studies have found an association between asbestos exposure and esophageal cancer, but the overall results of epidemiology studies are mixed. In addition, what little evidence there is from animal experiments about asbestos' carcinogenic potentials specifically on esophageal tissues do not support biological activity at this site. On the basis of these observations, the committee concluded that the evidence is *inadequate* to infer the presence or absence of a causal relationship between asbestos exposures and esophageal cancer.

Plaintiff does not contend that the facts cited above are incorrect, but rather contends that there was no evidence in the record to support this finding. Plaintiff overlooks the fact that Dr. McConnell testified concerning this report, citing it as an authoritative source. His testimony properly introduced this report into evidence.

Even assuming *arguendo* that this finding was in error, however, it was not essential to the Commission's decision. As we have discussed, the Commission heard the testimony of experts regarding whether asbestos exposure or Barrett's esophagus caused Smith's esophageal cancer. Even if we were to assume that this particular finding was in error, that would not detract from the Commission's ultimate conclusion that plaintiff had failed to prove causation.

This argument is without merit.

### G. OSHANC

**[7]** In her seventh argument, plaintiff contends that the Commission erred as a matter of law in issuing an opinion contrary to the law of North Carolina. We disagree.

Plaintiff contends that the Occupational Safety and Health Act of North Carolina ("OSHANC") "recognizes that there is a well-established association between asbestos exposure and esophageal cancer." Plaintiff cites to the Code of Federal Regulations in support of this position.[2]

---

2. Plaintiff incorrectly cites to OSHANC (calling it NCOSHA). North Carolina has adopted, in OSHANC, the provisions of the federal OSHA. N.C. Gen. Stat. § 95-131 (2011). However, the C.F.R. provisions cited by plaintiff are elements of OSHA, not OSHANC, and should properly be attributed to the federal source.

The C.F.R. provision in question is entitled "Medical Surveillance Guidelines for Asbestos Non-Mandatory," and concerns the toxicology, symptoms, and preventative considerations of asbestos exposure and asbestos-related diseases. 29 C.F.R. § 1910.1001, App. H (2012). The C.F.R. notes that clinical studies have "shown a definite association between exposure to asbestos and an increased incidence of lung cancer, pleural and peritoneal mesothelioma, gastrointestinal cancer, and asbestosis." *Id.* Studies have also shown that "[e]xposure to asbestos has also been associated with an increased incidence of esophageal, kidney, laryngeal, pharyngeal, and buccal cavity cancers." *Id.*

We note first that this Appendix is labeled "non mandatory." Such Appendices generally are designed to provide guidance, rather than imposing specific rules. *See e.g.* 29 C.F.R. § 1910.1450, App. B ("The materials listed below are offered as non-mandatory guidance."); 29 C.F.R. § 1910.1200, App. F ("This non-mandatory Appendix provides additional guidance on hazard classification for carcinogenicity."); 29 C.F.R. § 1910.217, App. D ("Although this appendix as such is not mandatory, it references sections and requirements which are made mandatory by other parts of the PSDI standard and appendices."). We hold that this federal guideline does not constitute North Carolina law, and was not binding upon the Commission.

Even assuming *arguendo* that this guideline was binding, it would not be dispositive of this case. At most, this provision recognizes the existence of an "association" between asbestos exposure and esophageal cancer, and this association is at best a general one. This general association does not address the pivotal issue before the Commission, which was whether asbestos exposure caused Smith's esophageal cancer in the instant case. While this guideline may constitute some evidence of causation, it was not dispositive of that issue.

This argument is without merit.

### IV. Conclusion

The Commission weighed the evidence before it and concluded that plaintiff failed to meet her burden of proving causation. We hold that there was evidence in the record to support the Commission's findings of fact, and that these findings in turn support the Commission's conclusion that plaintiff failed to prove causation.

AFFIRMED.

Judges McGEE and ERVIN concur.